# Hughes *v.* Brown.

## (*Nashville.* February 27, 1890.)

1. TRUSTS. *Parties to suit for enforcement of charge or lien against the trust estate.*

   Vacancy in the trusteeship presents no obstacle to the enforcement, by suit in equity, of a charge or lien against the trust estate; but where there is no trustee all the beneficiaries, whether claiming a present interest or in remainder, must be made parties to any proceeding to reach or subject the trust estate.

2. SAME. *Same. Trusteeship vacant, when.*

   The trusteeship is vacant, and the beneficiaries necessary parties to a proceeding to reach the trust estate, where, upon resignation of one, trustee, the Court administering the trust appoints another, but the latter neither gives the required bond nor in terms accepts the trust, but upon being sued as trustee after the lapse of thirteen years from date of his appointment disclaims the trust.

3. SAME. *Trustee's disclaimer relates to date of his appointment.*

   The trustee's disclaimer relates back, in such case, to the date of his appointment.

   Case cited and approved: Goss *v.* Singleton, 2 Head, 79.

4. SAME. *Vestiture of title in trustee by implication.*

   Title to the trust estate, though consisting of realty, ordinarily vests in the trustee, upon his appointment, by implication, without formal decree to that effect; but this will not take place where he subsequently disclaims.

   Case cited and approved: Wooldridge *v.* Bank, 1 Sneed, 296.

5. STATUTES OF LIMITATION. *Applicable to all Courts and all causes of action except express trusts.*

   Excepting alone suits between trustee and *cestui que trust* upon causes of action arising out of express trusts and cognizable alone in Courts

Hughes *v.* Brown.

of Equity, our general statutes of limitation apply to every cause or form of action, whether cognizable exclusively in Courts of Law, or concurrently in Courts of Law and Equity, or exclusively in Courts of Equity.

Cases cited: Porter's Lessee *v.* Cocke, Peck, 43; Armstrong *v.* Campbell, 3 Yer., 232; Hickman *v.* Gaither, 2 Yer., 200; Shelby *v.* Shelby, Cooke, 184; Pinkerton *v.* Walker, 3 Hay., 221; McDonald *v.* McDonald, 8 Yer., 145; Lafferty *v.* Turly, 3 Sneed, 158; Cocke *v.* McGinnis, M. & Y., 361; Peebles v. Green, 6 Lea, 471; Wood *v.* Jones, Meigs, 513; Nicholson *v.* Lauderdale, 3 Hum., 200; Marr *v.* Chester, 1 Swan, 416; Haynie *v.* Hall, 5 Hum., 290; Chaney *v.* Moore, 1 Cold., 48; Reeves *v.* Daugherty, 7 Yer., 233; Alvis *v.* Oglesby, 87 Tenn., 172; 3 Brown Ch., 640; 2 Schoales & L., 632; 1 Schoales & L., 413; 7 Johns. Ch., 120; 2 Jac. & W., 1190; 17 Ves., 98; 2 P. Wms., 144; 10 Wheat., 152.

6. SAME. *Same.   Case in judgment.*

The trustee contracted a debt for purchase-price of the trust estate—realty. This debt was an equitable charge upon the realty thus purchased, though an express lien was not retained. For this debt judgment was taken against the trustee personally, and return of *nulla bona* had thereon. After the lapse of more than ten years from date of this judgment, and after resignation of the trustee, the judgment creditor filed bill against the beneficiaries to enforce payment of his judgment by sale of the trust property. The beneficiaries interposed as defenses to this bill the statutes of limitation of six, seven, and ten years.

*Held:* That the cause of action was barred, whether the suit be treated as one upon contract or upon the judgment, or to enforce an implied lien or charge upon the land, or to subject equitable assets after return of *nulla bona.*

Case cited and approved: Sheratz *v.* Nicodemus, 7 Yer., 12.

7. SAME. *New action within one year after dismissal of former action. Identity of parties.*

The parties must be the same in both cases, in order that a new suit shall be saved from the bar of the statute of limitations by reason of the fact that it was instituted within one year after the dismissal of a former suit, brought in due time for the same cause, upon some ground not concluding the right of action.

Code construed: §3449 (M. & V.); §2755 (T. & S.).

8. SAME. *Same. Case in judgment.*

Suit was brought against all the beneficiaries, there being no legal trustee, to enforce an equitable charge against the trust estate— realty. The statutes of limitation had barred this suit, and were properly pleaded. To avoid this bar it was shown that another suit for the same cause, brought in time, had been dismissed, within one year before institution of this one, upon the ground that the proper parties were not before the Court. The trust was created for the support and maintenance of B. and her children during her life, re- mainder to her children, etc. The former suit was prosecuted against B. alone, neither trustee nor remainder-men being before the Court.

*Held:* That the latter suit was not saved from the bar of the statutes, not even as to B., she having no interest distinct from her children's rights, and there being no effort in either case to charge her person- ally.

---

FROM WILLIAMSON.

---

Appeal from Chancery Court of Williamson County. ANDREW ALLISON, Ch.

JESSE G. WALLACE for Hughes.

N. N. Cox for Respondents.

LURTON, J. Complainant's bill is filed for the purpose of enforcing, out of the trust estate, pay- ment of a debt created by the trustee for the benefit of the trust. The property which he seeks to charge is a tract of land and its improvements, held in trust for the support and maintenance of the defendant, Mrs. Virginia Brown and her chil-

dren, remainder, at death of Mrs. Brown, to her children then living and the representatives of such as are dead. In default of such issue, then the remainder is devised to the surviving sisters of Mrs. Brown, and on the death of such survivors, to the issue of such.

This land was purchased by the trustee at a chancery sale had for the purpose of enforcing a vendor's lien in favor of complainant as executor of the will of the father of Mrs. Brown.

The bid of Davis, as trustee, was, upon application of Mrs. Brown, credited with what was then supposed to be the interest of Davis' *cestui que trust* under the will of complainant's testator. To protect complainant in case it should turn out that this credit was in excess of the share of his *cestui que trust*, Davis was required to execute a refunding bond, with two sureties, conditioned, upon final settlement of complainant's accounts as executor, to refund to him any sum in excess of the true share of his *cestui que trust* by reason of this credit. Upon execution of this bond, title was vested in F. H. Davis as trustee, no lien being retained by reason of the circumstances under which the purchase-money was paid. Upon final settlement of the executor's accounts in the Chancery Court, it was ascertained that the interest of Mrs. Brown had been largely overpaid, and on October 24, 1870, summary judgment was rendered upon the refunding bond theretofore executed against Davis, as trustee, and his sureties upon the bond, and exe-

cution was awarded. The children of Mrs. Brown were not parties to any of the several consolidated causes in which the proceedings just recited were had, though their mother and the trustee, Davis, were. A part of this decree of October, 1870, has been paid off. Davis, as trustee, received no fund whatever, and the entire trust fund is represented by the lands so purchased by him. He and his sureties are insolvent, and nothing has or can be made off of them.

This bill is filed against all of the *cestui que trust,* for the purpose of collecting the balance due upon the decree as a charge upon the trust estate.

The first defense to be considered is that the necessary parties are not before the Court. Davis, the trustee, in 1874 passed his accounts in the original case in which he had been appointed. and tendered his resignation. This was accepted, and by the same decree 'B. F. Brown, the husband of Virginia, was appointed in his room and place, and required to execute a bond as such. This, it appears, he has never done. He is now sued as trustee. By answer he disclaims ever having accepted the appointment. After so great a lapse of time, even in the absence of proof of acts indicating an acceptance, he might, but for this disclaimer, be presumed to have accepted. His disclaimer now must, however, be taken to relate back to the time of his appointment. *Goss* v. *Singleton,* 2 Head, 79; Hill on Trustees, 206, 219.

The objection that the legal title was not form-

ally vested by decree in him, would be unimportant if he had accepted the appointment, for by implication vestiture of title would have resulted from his appointment without formal words. *Wooldridge* v. *Planters' Bank*, 1 Sneed, 296.

The decree denuding Davis of his trust probably operated to divest him of the legal title, and the refusal of Brown to accept the trust leaves the title in abeyance.

It is clearly a case of a vacancy in the trusteeship. The property is within the jurisdiction of the Court, and all of the *cestui que trust* are parties defendant. There being no trustee, the Court has the power to make a decree binding the property. 2 Perry on Trusts, Sec. 873.

A much more serious defense is that of the statute of limitations. The decree on the refunding bond was rendered October 24, 1870. This bill was filed May 21, 1887, nearly seventeen years after the cause of action accrued. Manifestly, upon the facts stated, the complainant would be entitled to the relief he seeks had this bill been filed in time. To meet this defense the complainant first relies upon the fact that in 1879, and within the time limited for actions upon decrees and judgments, that he filed a bill in equity seeking the same relief, and this case was a pending suit until December, 1886, when it was dismissed by this Court without prejudice. Within one year thereafter this bill was filed, and he now insists that the case falls under § 2755 of the Code, which

provides that when a suit is commenced in time, and the decree is rendered against the complainant upon any ground not concluding his right of action, that a new. suit may be brought within one year. This is a good answer to the plea of the statute, provided that suit and this are substantially for the same cause of action, and the parties in each suit are identical. The defendants to the former suit were Brown and wife and F. H. Davis. The remainder-men were not parties, and for this very reason that cause was dismissed. Davis was sued· as trustee in the former case. He did not answer, and no *pro confesso* seems to have been taken against him. It now appears that when that suit was begun Davis was not the trustee. Though B. F. Brown was a defendant in that case, yet, as we have seen, he was not the trustee, and was not sued as such. Thus we have a case where it was sought to reach and fasten a charge upon trust property, where only one of a number of *cestui que trust* were before the Court, and where there was no trustee. There are cases where the trustee may stand for and be treated as the representative of his *cestui que trust*, but the general rule is that all of the *cestui que trust*, and the trustee' if there be one, should be made parties in a· suit affecting the trust estate. Perry on Trusts, Secs. 873, 874.

The fact that there was no trustee before the Court, and that only one of the *cestui que trust* was a party, ought not to have, and cannot have,

the effect of suspending the operation of the stat-
utes of limitation.   Neither can that suit have any
effect as against Mrs. Brown, for the reason that
neither in that case nor in this was it sought to
reach and subject any particular interest that she
had to the satisfaction of this debt.   In that case
and in this the effort is to subject the trust prop-
erty, as an entirety, to the satisfaction of a' de-
mand against it, and not subject the interest of
Mrs. Brown to a debt for which she was person-
ally bound.   Neither has Mrs. Brown any such
separate interest as can be distinguished from
that of her children without injury to them and
their interest.   The trust is for the support and
maintenance of Mrs. Brown *and her children;* and
so long as they constitute a part of her family,
their interest in the trust cannot be affected by
assuming that the mother has a life estate which
can be taken from her without injury to them.
*Hix* v. *Gosling,* 1 Lea, 568.

This suit is, therefore, not against the same
parties who were defendants to the former suit,
and the two suits cannot be so connected as to
save the bar of the statute.   The learned counsel
for complainant very zealously and ably insists that
the statute of limitations does not operate upon
claims and demands purely equitable and for
which there is no adequate remedy at law, and
that the demand which he represents is one ex-
clusively cognizable in a Court of Equity.   This
presents a question of great interest to the pro-

fession; for it is important to know whether there are cases, other than express trusts, which are un-affected by the legislation limiting the time within which suits may be brought. This question has been a matter of controversy from the earliest history of equity; and, while we have much dictum, there are perhaps no reported cases in this State which are controlling in the determination of the point. The earlier English and American statutes of limitation alike operated in terms upon the *form of action*. Thus, our Act of 1715, which continued in force in this State until the codification of our statute law in 1858, prescribed that all actions of trespass, detinue, trover, and replevin, all actions of accounts and upon the case, all actions of debt for arrearages of rent, actions of assault, menace, and battery should be brought within the time therein specified. These were actions at law, and hence it was said the statute was not, in terms, applicable to bills in equity, that form of suit not being mentioned.

The conclusions to be drawn from the precedents of controlling influence as to the applicability of the statutes of limitation to Courts of Equity before the change made by the Code of 1858, whereby they were made to apply to the cause rather than to the form of action, are these:

*First.*—That Courts of Equity, having at all times discouraged laches, did, after the Legislature had prescribed a bar to legal actions, and upon the maxim *equitas sequitur legem*, adopt the time

prescribed in such statutes, as barring a suit in equity upon any cause of action on which an action at law might have been maintained. *Elmendorf* v. *Taylor*, 10 Wheat., 168; *Smith* v. *Clay*, 3 Brown, C. C., 640; *Hovenden* v. *Annesley*, 2 Sch. & Lef., 632; *Porter's Lessee* v. *Cocke*, Peck, 43; *Shelby's Heirs* v. *Shelby*, Cooke, 184; *Armstrong* v. *Campbell*, 3 Yer., 232; *Hickman* v. *Gaither*, 2 Yer., 200.

*Second.*—The application of the statutes in equity was determined by the *cause of action* rather than the nature of the equitable relief sought.

The fact that the legal action was inadequate to obtain the relief which a Court of Equity could administer, did not take the case out of the bar prescribed for the legal action upon the same cause. "In all cases," said Lord Camden in *Smith* v. *Clay*, "where the legal right has been barred by Parliament, the equitable right to the same thing has been concluded by the same bar;" or, as stated by Chancellor Kent, "when the subject-matter of the demand in equity can also be made the subject of an action at law, the rule of analogy applies in all its force. As Lord Redesdale observed in *Bond* v. *Hopkins* (1 Sch. & Lef., 413), the statute of limitations does not apply in terms to proceedings in equity, but equitable titles are affected by analogy to it. If the equitable titles be not sued upon within the time within which a legal title of the same nature ought to be sued upon to prevent the bar of the statute, the Court, act-

ing by analogy to the statute, will not relieve." *Kane* v. *Bloodgood*, 7 Johns. Ch., 120.

So this Court, speaking through Overton, J., said that it had been argued that the statute did not apply "unless the relief sought in this Court is of the same nature as that which would be obtained at law. This position is not supported by any of the books. Compensation in damages would have been the relief administered at law, but in this Court a decree *in specie* may be obtained. This difference in the mode of redress has no effect upon the statute of limitation; it is pleadable in this Court as at law. In many cases where an action could have been sustained at law, and to which the statute might have been made to apply, so it would apply in equity if relief were sought there. Nor is it material whether that relief be of one kind or another. It is the cause of action that must determine the application of the statute, and not the nature of the relief which can be afforded." *Shelby* v. *Shelby*, Cooke, 184.

*Third.*—The statute does not operate, as between trustee and *cestui que trust*, in that class of direct and peculiar trusts *cognizable alone in Courts of Equity*. This is for the reason that the possession of the one is the possession of the other; and until the trust relation has ceased, by repudiation with notice, there can be no such thing as an adverse holding.

The principle upon which this doctrine rests is

precisely the same as that which prevents the statute from running at common law as between tenants in common and landlord and tenant. The legal rule in regard to legal relations, so like the relations between trustee and *cestui que trust* in equity, is the very foundation of what so often is mistaken for an exception peculiar to Courts of Equity concerning the application of the statute. To quote the observation of Lord Redesdale, which very clearly states this principle:

"In the case of a strict trustee it was his duty to take care of the interest of the *cestui que trust*, and he was not permitted to do any thing adverse to it; a tenant also had the duty to preserve the interests of his landlord. Many acts, therefore, of a trustee and a tenant, which if done by a stranger would be acts of adverse possession, would not be so in them, from its being their duty to abstain from them." *Marquis of Chalmondelay* v. *Lord Clinton et al.*, 2 Jacobs & Walker, 1; *Armstrong* v. *Campbell*, 3 Yer., 201.

*Fourth.*—But where the trust was not a direct, technical trust, springing out of contract, but was one imposed upon the conscience of the party by operation of equitable principles, and, as some of the Judges put it, dependent upon evidence, then in all such cases the statute did operate as a bar, notwithstanding such constructive and implied trusts were the creations of Courts of Equity and the remedy for their enforcement exclusively equitable. *Cocke* v. *McGinnis*, M. & Y., 361; *Sheratz* v. *Nico-*

*demus*, 7 Yer., 12; *Armstrong* v. *Campbell*, 3 Yer., 201; *Wood* v. *Jones*, Meigs, 513; *Nicholson* v. *Lauderdale*, 3 Hum., 200; *Marr* v. *Chester*, 1 Swan, 416; *Hayne* v. *Hall's Executors*, 5 Hum., 290; *Chaney* v. *Moore*, 1 Cold., 48; *Hickman's Lessee* v. *Gaither*, 2 Yer., 200; *Elmendorf* v. *Taylor*, 10 Wheat., 152.

The reason for the distinction between the effect of the statute upon express and implied trusts, lies in the fact that in the latter kind of trusts the element of trust and confidence are absent. The relation of trustee and *cestui que trust* does not in fact exist, and the holding of an implied or constructive trustee is for himself, and therefore at all times adverse. *Beckford* v. *Wade*, 17 Vesey, 98; 2 Yer., 200.

*Fifth.*—From the foregoing principles it necessarily follows that in all that large class of express trusts where the remedy at law and in equity is concurrent, that the statute which operates to bar the concurrent legal remedy will likewise bar the equitable suit. It would be intolerable that equity should maintain a suit where the legal right was barred.

In the early and well-considered case of *Cocke* v. *McGinnis*, Judge Catron, for this Court, said: "The history of English jurisprudence, it is believed, furnishes not an instance where it was holden that the relation of trustee and *cestui que trust* prevents the statute from creating a bar in a case where an action at law can be sustained. In every case where an action of *assumpsit* will

lie, then even Courts of Chancery, having concurrent jurisdiction with Courts of Law, will apply the statute. This has been the settled rule of decision in the English Courts for a century." M. & Y., 363.

We very lately had occasion to review our own decisions upon this question, and to repeat and apply the rule so clearly announced in the case last cited, to the suit of distributees against an administrator for an account and to recover their distributive shares. The action at law being barred, the equitable suit was held to be likewise barred. *Alvis* v. *Oglesby*, 87 Tenn., 172; *Reeves* v. *Dougherty*, 7 Yer., 233; *Nicholson* v. *Lauderdale*, 3 Hum., 200; *Peebles* v. *Green*, 6 Lea, 471.

Now, in view of these well-settled principles concerning the operation of the statute upon bills in equity, is there any foundation for the proposition that because the remedy of complainant, *as against this trust estate*, is purely equitable, therefore this suit is not subject to the bar of the statute? The rule which we deduce from a consideration of the English and Tennessee cases is that, with the exception of suits between *trustees* and *cestui que trust* concerning those direct technical trusts cognizable alone in equity, the statute which would bar the demand if it were the subject of a legal action, will likewise bar the equitable remedy. There is no more reason for holding that a bill to charge the payment of an equitable claim upon a trust estate should be taken out of the

statute which bars all suits upon contracts within six years, than there was for holding that a suit upon an equitable title, or to declare and enforce a constructive or implied trust was without the statute.

In both the cases last put the remedies were purely equitable, and yet it was held that the statute applied. *Beckford* v. *Wade*, 17 Vesey, 87; *Chalmondelay* v. *Clinton*, 2 Merivale, 93; *Elmendorf* v. *Taylor*, 10 Wheaton, 152; *Armstrong* v. *Campbell*, 3 Yer., 201.

The cases cited by complainant's counsel to support his proposition are not in point. They are all cases of suits between trustee and *cestui que trust*, and upon demands at that time cognizable only in equity. *Pinkerton* v. *Walker*, 3 Hay., 221; *McDonald* v. *McDonald*, 8 Yer., 145; *Turley* v. *Lafferty*, 3 Sneed, 157.

The only authority to which we have been referred that seems to support the proposition that a purely equitable demand is not within the bar of the statute, is the statement of Mr. Perry that suits against the separate estate of a married woman, "the remedy being wholly equitable," are not barred by the statutes. Perry on Trusts, Sec. 663. To support this brief statement, he cites two Irish chancery cases and the case of *Norton* v. *Turville*, 2 P. Williams, 144. The first two cases are not accessible, and would not at best be of any controlling effect. The case of *Norton* v. *Turville* was a decision by the Master of the Rolls, who, in

reply to the defense of the statute, said: "But in this case all the separate estate of the *feme-covert* was a trust estate for the payment of debts, and a trust is not within the statute of limitations."

·Now, if it be conceded that the separate estate was a trust estate for the payment of debts, and the complainant was one of the creditors thereby provided for, then the decision that the statute did not apply was right. A separate estate, however, may be, as between the *feme-covert* and her trustee, a trust estate, and the statute have no application as between the *cestui que trust* and the trustee; but precisely how the creditor of the married woman became a *cestui que trust* is· not explained by the decision. As to strangers to the trust the statute manifestly must apply. The exception is in favor of the *cestuis que trust*, and upon the ground that the· possession of the trustee is their· possession.

A married woman's contract does not bind her personally, and only operates to charge her separate estate. This charge may have been regarded as constituting the separate estate a trust estate for payment of such engagements. However that may be as to a separate estate, the doctrine is not applicable to a trust of the character of that before us. .It was not a trust for payment of debt.'

Whatever doubt might have existed as to the application of the statute to a purely equitable demand would seem to be removed by the change made in. our statutes by the Code. These statutes

no longer apply ·to legal actions .in terms, or address themselves to the form of suit. They apply directly to all civil actions, and to the cause of action, and not the form of the remedy. The cause of action here is a contract between the trustee and complainant. All actions upon contracts are barred in six years. This contract was put in judgment. Actions upon judgments and decrees are barred in ten years.

Assuming that the implied lien of complainant as a vendor was not lost by his taking bond with personal securities, then his implied lien was barred in seven years. *Sheratz* v. *Nicodemus,* 7 Yer., 12.

But upon another ground the suit of complainant is barred. To secure himself against overpaying the legacy to Mrs. Brown and her children, he took a refunding bond, with two personal sureties. His remedy upon this bond against the trustee and the sureties at law was clear. Indeed, he obtained a summary judgment thereon, and was awarded the legal writ of *fieri facias.* The insolvency of the sureties alone defeated a satisfaction. The remedy at law proving inadequate, he now resorts to a Court of Equity to reach property not subject to execution. If he had filed his bill in time, his relief was easy. He has delayed until his bond is barred, and the decree thereon is likewise barred. That the remedy in equity is in kind different from that afforded at law is no reason why the statute which has barred his legal remedy shall not likewise bar the equitable relief.

Affirm the decree, with costs.