Timothy W. TURNER,
Plaintiff/Appellee,

v.

ALDOR COMPANY OF NASHVILLE,
INC., Defendant,

and

Overhead Door Corporation and Indiana Corporation, a/k/a Dallas Corporation, Defendants/Appellants.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 20, 1991.

Application for Permission to Appeal
Denied by Supreme Court
March 16, 1992.

Thomas Marion Pinckney, Nashville, for Overhead Door Corp.

W. Kennerly Burger, Murfreesboro, for Timothy Turner.

## OPINION

KOCH, Judge.

This appeal concerns whether a plaintiff who refiles an action after taking a voluntary nonsuit may sue a party it did not sue in its original complaint but who had been impleaded as a third-party defendant. The defendant moved to dismiss on the ground that the claim was barred by the statute of limitations. After the Second Circuit Court for Davidson County denied the motion, the defendant filed an application for a Tenn. R.App.P. 9 appeal. We concur with the trial court's conclusion that this is a proper case for an interlocutory appeal. Since the application and the responses thereto set out the parties' respective positions and provide all the information necessary to decide the issues presented, we will proceed to the merits without further briefing or oral argument.[1] We have determined that the plaintiff's negligence and strict liability claims against the new defendant are time-barred but that its warranty claims are not.

### I.

Timothy W. Turner, an employee of the Sun Cool Window Tinting Company, was injured on August 15, 1988 when a glass panel fell from an overhead garage door causing a shard of broken glass to cut his neck and shoulder. The door had been manufactured by the Overhead Door Corporation ("Overhead") and had been installed by the Aldor Company of Nashville, Inc. ("Aldor"), one of Overhead's local distributors.

On July 6, 1989, Mr. Turner filed suit in the Circuit Court for Davidson County

John Philip Long, Nashville, for defendant Aldor Co.

---

1. In accordance with Tenn.R.App.P. 2, we suspend the application of Tenn.R.App.P. 9(e), 24–26, 29. We also find that oral argument is unnecessary pursuant to Tenn.R.App.P. 35(c). The plaintiff's response to the application was not timely filed and, when it was filed, was not accompanied by a description of counsel's good faith efforts to comply with the deadline set out in this court's October 16, 1991 order. Since we have decided to consider this case without argument, we will consider the plaintiff's response as if it had been timely filed.

against Aldor and the realtor in control of the premises where he was injured. On August 14, 1989, Aldor filed a third-party complaint against Overhead. Mr. Turner did not file an independent action or seek to amend his complaint to state a claim directly against Overhead.

The case was originally set for trial on November 7, 1990. However, on November 5, 1990, Aldor filed a notice of voluntary nonsuit of its third-party complaint. Aldor's action prompted Mr. Turner to take a voluntary nonsuit of his original complaint. On January 24, 1991, Mr. Turner filed a new action against Aldor and Overhead in the United States District Court for the Middle District of Tennessee. This suit, however, was dismissed by agreement on March 14, 1991.

On March 19, 1991, Mr. Turner filed another suit against Aldor and Overhead in the Second Circuit Court for Davidson County. The complaint sought damages against both parties on the theories of strict liability, negligence, and breach of the implied warranties of merchantability and fitness for a particular purpose. Overhead moved to dismiss the complaint on the ground that it was barred by Tenn.Code Ann. § 28–3–104(a)(1) (Supp.1991).[2] The trial court filed a memorandum opinion on July 2, 1991 denying the motion and, in orders filed on September 12 and 23, 1991, granted Overhead permission to apply to this court for an interlocutory appeal.

## II.

This appeal involves another instance where a plaintiff, faced with the dismissal of its complaint, is seeking to use the savings statute and the relation back features of Tenn.R.Civ.P. 15.03 to deflect a statute of limitations defense. While we recognize that procedural rules should not be used to frustrate the consideration of claims on their merits, *Childress v. Bennett*, 816

S.W.2d 314, 316 (Tenn.1991); *Stapp v. Andrews*, 172 Tenn. 610, 614, 113 S.W.2d 749, 750 (1938), we also recognize that they should not be used to breathe life into claims that are plainly time barred. In this case, no procedural rule can insulate Mr. Turner from his failure to bring suit against Overhead within one year from the date of his injury.

## A.

Mr. Turner's defense of the trial court's decision reflects a fundamental misunderstanding of third-party practice under Tenn.R.Civ.P. 14.[3] By its own terms, Tenn.R.Civ.P. 14 is not intended to permit a defendant to implead another person who is directly liable to the plaintiff but not to the defendant. 3 J. Moore & R. Freer, *Moore's Federal Practice* ¶ 14.15 (2d ed. 1991) ("Moore's Federal Practice"). Its purpose is to enable the defendant to implead another person "who is or may be liable to him for all or part of the plaintiff's claim against him." Tenn.R.Civ.P. 14.01.

■ Tenn.R.Civ.P. 14 does not require the existence of any type of legal relationship between the plaintiff and the third-party defendant. The third-party defendant's liability to the defendant may be based on an entirely different theory than the defendant's liability to the plaintiff. Since a plaintiff may choose to sue one or more defendants without joining others, *Arcon Corp. v. Liberty Mut. Ins. Co.*, 591 F.Supp. 15, 17 (M.D.Tenn.1983), it is irrelevant that the plaintiff has no claim against the third-party defendant or has chosen not to assert one. Moore's Federal Practice ¶ 14.10.

■ Once the defendant has impleaded a third-party defendant, Tenn.R.Civ.P. 14 permits, but does not require, the plaintiff to assert what is commonly known as an "upsloping claim" against the third-party

---

**2.** Tenn.Code Ann. § 28–3–104(a)(1) provides that actions for injuries to the person must be filed within one year after the cause of action accrues.

**3.** Few Tennessee precedents exist concerning practice under Tenn.R.Civ.P. 14. Our rule is

substantially similar to Fed.R.Civ.P. 14. Accordingly, decisions construing the federal rule can provide helpful guidance in interpreting our own rule. *Continental Casualty Co. v. Smith*, 720 S.W.2d 48, 49 (Tenn.1986); *Bowman v. Henard*, 547 S.W.2d 527, 530 (Tenn.1977).

defendant.[4] Moore's Federal Practice ¶ 14.16[2]. An upsloping claim is considered as an original complaint and may take the form of an amendment to the original complaint or a new pleading.

■ No matter what form the plaintiff's upsloping claim takes, it is subject to the applicable statute of limitations. Moore's Federal Practice ¶ 14.09, at 14–65; 6 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1459, at 450 (1990). The filing of the third-party complaint does not toll the running of the statute of limitations on the plaintiff's claim against the third-party defendant. *Straub v. Desa Indus., Inc.,* 88 F.R.D. 6, 9 (M.D.Penn.1980); *Frankel v. Back,* 37 F.R.D. 545, 547 (E.D.Penn.1965); *Vincent v. Litchfield Farms, Inc.,* 21 Conn.App. 524, 574 A.2d 834, 835 (1990). Thus, the plaintiff cannot file a new pleading or amend its complaint to state a claim against the third-party defendant when the statute of limitations has already run on its claim. *Monarch Indus. Corp. v. American Motorists Ins. Co.,* 276 F.Supp. 972, 981 (S.D.N.Y.1967); *Silva v. Home Indem. Co.,* 416 A.2d 664, 668–69 (R.I.1980).

The statute of limitations applicable to Mr. Turner's negligence and strict liability claims expired on August 15, 1989. Mr. Turner did not sue Overhead in federal court until January 24, 1991 and did not file his suit in state court until March 19, 1991. Since these suits were filed between seventeen and nineteen months after the expiration of the statute of limitations, the negligence and strict liability claims contained therein are time barred unless they were somehow preserved by the savings statute or by the relation back features of Tenn. R.Civ.P. 15.03.

### B.

■ The purpose of the savings statute, Tenn.Code Ann. § 28–1–105(a) (Supp.1991), is to provide a diligent plaintiff with an opportunity to renew its suit if its complaint is dismissed by any judgment or

decree that does not conclude its right of action. *Nashville, C. & St. L. Ry. v. Bolton,* 134 Tenn. 447, 455, 184 S.W. 9, 11 (1915). While the statute should be construed liberally, *Dukes v. Montgomery County Nursing Home,* 639 S.W.2d 910, 912–13 (Tenn.1982); *Balsinger v. Gass,* 214 Tenn. 343, 346, 379 S.W.2d 800, 802 (1964), it should not be used to insulate a plaintiff from its own laches, negligence, or other similar fault. *Moran v. Weinberger,* 149 Tenn. 537, 543, 260 S.W. 966, 967 (1924).

The savings statute applies only when the new complaint and the original complaint "are substantially for the same cause of action." *Hughes v. Brown,* 88 Tenn. 578, 584, 13 S.W. 286, 287 (1890). There must be an identity of the parties in order for the new and original complaints to be substantially the same. *Goss v. Hutchins,* 751 S.W.2d 821, 825 (Tenn.1988); *Moran v. Weinberger,* 149 Tenn. at 546, 260 S.W. at 968; *Hughes v. Brown,* 88 Tenn. at 584, 13 S.W. at 287.

■ Mr. Turner's second complaint in state court is not substantially similar to his original state complaint because it involved different parties. The savings statute is not applicable to the claims in a renewed complaint against a party not named as a defendant in the original complaint. Overhead was not named as a defendant in Mr. Turner's original complaint. Overhead was not named as a defendant in Mr. Turner's original state complaint. Accordingly, the trial court's reliance on Tenn.Code Ann. § 28–1–105(a) to deny Overhead's motion to dismiss was misplaced.

### C.

We turn next to the application of Tenn. R.Civ.P. 15.03's relation back features to this case. In order for a party to take advantage of Tenn.R.Civ.P. 15.03, it must show

---

**4.** Tenn.R.Civ.P. 14.01 provides, in part:
The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff.

(1) that the claim arises out of the same conduct, transaction, or occurrence set forth in its original complaint;

(2) that the new defendant had notice that the plaintiff had filed suit before the running of the applicable statute of limitations; and

(3) that the defendant knew or should have known that the plaintiff would have named it as a defendant had it not been for a misnomer or other similar mistake.

*See* Tenn.R.Civ.P. 15.03. Mr. Turner has satisfied the first relation back requirement but has not satisfied the remaining two.

■ Overhead was not served with Aldor's third-party complaint until August 22, 1989, eight days after the one-year statute of limitations applicable to negligence and strict liability claims had expired. Mr. Turner offered no other proof that Overhead knew of these claims by other means. Thus, the only conclusion to be drawn is that Overhead did not have timely notice of Mr. Turner's negligence and strict liability claims.

The filing of Aldor's third-party complaint did not necessarily put Overhead on notice that Mr. Turner intended to assert a claim directly against it. Aldor's third-party complaint had no legal significance with regard to any claim Mr. Turner might have had against Overhead. It signified only that Aldor had decided to assert its own claim against Overhead. From Overhead's vantage point, it would have been reasonable to conclude that Mr. Turner had decided to proceed only against Aldor.

In addition, Mr. Turner has not demonstrated that he would have sued Overhead had it not been for "a misnomer or other similar mistake concerning the identity of the proper party." No misnomer exists here, and the failure to name a party as a defendant in the original complaint is not a "similar mistake concerning the identity of a party." *Smith v. Southeastern Proper-*

*ties, Inc.,* 776 S.W.2d 106, 109 (Tenn.Ct. App.1989).

Mr. Turner made no mistake concerning the identity of the parties he desired to sue. He intended to sue Aldor and simply failed to conduct an adequate pre-complaint investigation to discover the identity of the overhead door's manufacturer. We are unpersuaded that he had no means to discover the manufacturer's identity prior to the running of the statute of limitations. He could either have asked Aldor who manufactured the door or he could have filed suit sufficiently in advance of the running of the statute of limitations to enable him to amend his complaint based on Aldor's responsive pleading.

### III.

■ The passage of one year after Mr. Turner's injury does not necessarily foreclose all his claims because they are all not governed by the same statute of limitations. While his strict liability and negligence claims are barred by Tenn.Code Ann. § 28–3–104(a)(1), his warranty claims are not because they are governed by the four-year statute of limitations in Tenn.Code Ann. § 47–2–725(1) (Supp.1991).[5]

Tenn.Code Ann. § 47–2–725(1) states:

An action for breach of any contract for sale must be commenced within four (4) years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one (1) year but may not extend it.

According to Tenn.Code Ann. § 47–2–725(2),

[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

5. Actions for personal injury resulting from a breach of warranty are controlled by Tenn.Code Ann. § 47–2–725, not Tenn.Code Ann. § 28–3–

104. *Commercial Truck & Trailer Sales, Inc. v. McCampbell,* 580 S.W.2d 765, 773 (Tenn.1979).

Privity is no longer required for breach of warranty actions. *See* Tenn.Code Ann. § 29–34–104 (1980). Thus, under Tenn. Code Ann. § 47–2–715(2)(b) (1979), a seller can be liable for consequential damages stemming from "injury to person or property proximately resulting from any breach of warranty."

The record, in its present state, contains insufficient information to determine whether Mr. Turner filed his warranty claims within the period permitted by Tenn. Code Ann. § 47–2–725(1). We cannot determine with any certainty when "tender of delivery" of the doors took place or whether the parties had explicitly reduced the limitation period to less than four years.

In light of the present record, it is certainly possible that Mr. Turner's March 19, 1991 complaint was filed within four years after the tender of delivery of the doors. If the complaint was filed within this time, then Mr. Turner does not need the assistance of either the savings statute or Tenn. R.Civ.P. 15.03 to preserve his warranty claims. Therefore, the trial court would have been justified in denying Overhead's motion to dismiss predicated solely on the one-year statute of limitations in Tenn.Code Ann. § 28–3–104(a)(1).

## IV.

Neither the savings statute nor Tenn. R.Civ.P. 15.03 can insulate Mr. Turner from the consequences of an inadequate pre-complaint investigation. Accordingly, we find that the trial court erred by denying Overhead's motion to dismiss Mr. Turner's negligence and strict liability claims. We vacate the trial court's July 2, 1991 order and remand the case to the trial court with directions to enter an order consistent with this opinion. We also tax the costs of this appeal to Timothy W. Turner for which execution, if necessary, may issue.

LEWIS and CANTRELL, JJ., concur.