RANDALL MYERS,                           )
                                         )
        Plaintiff/Appellee,              )
                                         )       **Rutherford County Circuit**
                                         )       **No. 36179**
VS.                                      )
                                         )       **Appeal No.**
                                         )       **01-A-01-9609-CV-00397**
HURST CONSTRUCTION CO., INC.,            )
                                         )
        Defendant/Appellant.             )

**FILED**

**March 5, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

**IN THE COURT OF APPEALS OF TENNESSEE**

**MIDDLE SECTION AT NASHVILLE**
**APPEAL FROM THE CIRCUIT COURT OF RUTHERFORD COUNTY**

**AT MURFREESBORO, TENNESSEE**
**HONORABLE DON R. ASH, JUDGE**

SHELLEY I. STILES
5214 Maryland Way, Suite 3192
Brentwood, TN 37027
ATTORNEY FOR PLAINTIFF/APPELLEE


STEVEN D. PARMAN
214 Second Avenue, North
Suite 300
Nashville, TN 37201
FOR DEFENDANT/APPELLANT

**REVERSED AND REMANDED**

HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

SAMUEL L. LEWIS, JUDGE
WILLIAM C. KOCH, JR., JUDGE

| RANDALL MYERS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Appellee, | ) | |
| | ) | **Rutherford County Circuit** |
| | ) | **No. 36179** |
| VS. | ) | |
| | ) | **Appeal No.** |
| | ) | **01-A-01-9609-CV-00397** |
| HURST CONSTRUCTION CO., INC., | ) | |
| | ) | |
| Defendant/Appellant. | ) | |

## O P I N I O N

The Trial Court and this Court have granted permission to the Hurst Construction Co., Inc., to appeal from an interlocutory order of the Trial Court overruling the motion of Hurst Construction Co., Inc., for summary judgment on grounds of the statute of limitations.

On November 8, 1992, plaintiff, Randall Myers was injured in an accident on a state highway.

On November 8, 1993, plaintiff filed a claim with the Tennessee Claims Commission alleging negligent construction or maintenance of the highway causing his injuries.

On May 11, 1994, the State responded, stating that any negligence in constructing the highway was that of Hurst Construction Co., Inc.

On August 9, 1994, plaintiff filed an amended claim with the Claims Commission seeking recovery from Hurst Construction Co., Inc., for his injuries.

On October 28, 1994, Hurst Construction Co., Inc., filed a motion to dismiss the amended claim for lack of jurisdiction.

On February 27, 1995, the Claims Commission sustained the motion and dismissed plaintiff's amended claim against Hurst Construction Co., Inc.

On February 8, 1996, plaintiff filed the present action in Circuit Court against Hurst Construction Co., Inc., upon the same right of action asserted against Hurst Construction Co., Inc., in the amended claim before the Board of Claims.

On June 7, 1996, the Trial Court overruled the motion of Hurst Construction Co., Inc., for summary judgment.

On August 30, 1996, the Trial Court granted the application of Hurst Construction Co., Inc. for permission to appeal from the June 7, 1996 order overruling the motion of Hurst Construction Co., Inc., for summary judgment.

This Court also granted permission for the interlocutory appeal.

On appeal, Hurst Construction presents the following issues:

> 1.     Whether T.C.A. § 20-1-119 can be applied to extend the statute of limitations when the plaintiff improperly attempts to sue a private defendant in the Claims Commission.
>
> 2.     Whether a plaintiff who attempts to file a claim against a private defendant in the Claims Commission has commenced an action so as to be protected by the savings statute, T.C.A. § 28-1-105.

T.C.A. § 20-1-119 provides in pertinent part as follows:

> Comparative fault - Joinder of third party defendants. (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the

-3-

suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this sub-section.

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

(c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

Where a court having jurisdiction of the subject matter of the controversy dismisses a suit without adjudicating the merits, a new suit for the same relief may be instituted within one year after the dismissal. T.C.A. § 28-1-105, *Turner v. Aldor Co. of Nashville*, Tenn. App. 1991, 827 S.W.2d 318 and authorities cited therein.

However, in the present case, plaintiff did not present his claim against Hurst Construction Co., Inc., to a tribunal having subject matter jurisdiction of suits against private individuals and corporations, but to a commission created for the sole purpose of adjudicating claims against the sovereign state of Tennessee. In reference to the Tennessee Claims Commission, T.C.A. § 9-8-307 states:

(a)(1) The commission or each commissioner sitting individually has exclusive jurisdiction to determine all monetary claims against the state falling within one (1) or more of the following categories:

(J) Dangerous conditions on state maintained highways. The claimant under this subsection must establish the foreseeability of the risk and notice given to the proper state officials at a time sufficiently prior to the injury for the state to have taken appropriate measures. (Emphasis supplied)

Plaintiff's brief states:

Rule 1 of the Tennessee Rules of Civil Procedure states in part that the rules apply to Circuit and Chancery Courts and "in other courts." The advisory comments suggest that the Rules apply to other courts of record established by special or private acts of the General Assembly. The Tennessee Claims Commission was created pursuant to T.C.A. Section 9-8-301. The Claims Commission has adopted the Rules of Civil Procedure and the Rules of Evidence although the Claims Commission does not formally refer to the Rules of Civil Procedure.

T.R.C.P Rule 1. states:

## RULE 1.  SCOPE OF RULES

Subject to such exceptions as are stated in them, these rules shall govern the procedure in the circuit and chancery courts of Tennessee and in other courts while exercising the jurisdiction of the circuit or chancery courts, in all civil actions, whether at law or in equity, including civil actions appealed or otherwise transferred to those courts. These rules shall not be applicable to courts of general sessions except in cases where such courts by special or private act exercise jurisdiction similar to that of circuit or chancery courts. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. (Emphasis supplied)

The Committee Comment under this rule states:

This rule makes it clear that these Rules establish identical procedures for circuit and chancery courts and for those other courts of record which have been established by special or private acts of the General Assembly and which have jurisdiction similar to that of the circuit or chancery court, or of both.

The Tennessee Claims Commission is not a circuit or chancery court nor is it a court exercising the jurisdiction of the circuit or chancery courts or similar jurisdiction. It is an administrative agency created to adjudicate which claims should be paid by the State of Tennessee despite its sovereign immunity. However, T.C.A. § 9-8-402(b) provides:

> (b) The claim is barred unless the notice is given within the time provided by statutes of limitations applicable by the courts for similar occurrences from which the claim arises. The filing of the notice by the claimant tolls all statutes of limitation as to other persons potentially liable to the claimant due to the occurrence from which the claim before the commission arises.

The quoted statute does provide an extension of the statute of limitations for a claim against a third party wrongdoer disclosed in the answer of the State to a claim filed against the State before the Claims Commission. However, this statute does not specify the duration of the extension or the tribunal before which the claim against the third party should be prosecuted. This statute does not enlarge the jurisdiction of the Claims Commission to authorize it to adjudicate any claims against the private corporations or individuals, and thus leaves such claims to the courts. As to the limit of extension, the answer is to be found in T.C.A. § 20-1-119(a) which provides:

> (a)     In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1)     Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or
>
> (2)     Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit"

or "an amended complaint" for purposes of this subsection. (Emphasis added)

(b)     A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

In the present case, there was no "complaint" to be amended under subsection (a)(2). Hence, plaintiff's only recourse was to file a separate action (in a court of law) against Hurst within 90 days after the response of the State disclosed the involvement of Hurst.

Plaintiff's allegation of adoption of the Civil Rules by the Claims Commission is unsupported by citation. However, even if this has occurred, the Claims Commission has no authority to add to its statutory powers by adopting rules.

The Claims Commission had no authority to accept for filing plaintiff's amendatory claim against Hurst Construction Co., Inc., which should have been refused or stricken as improvidently filed.

Plaintiff asserts that the statute of limitations is suspended by the commencement of a suit in a court without jurisdiction, citing *Williams v. Cravens*, 31 Tenn. App. 246, 214 S.W.2d 57 (1948). Examination of the cited authority discloses that the facts upon which it was decided are not in keeping with the facts of the present case.

*Burns v. Peoples Tel. & Tel. Co.*, 161 Tenn. 382, 335 S.W.2d 76 (1930), involved a damage suit brought in Chancery Court and dismissed for lack of subject matter jurisdiction. The Supreme Court reversed, reviewed a number of authorities, and said:

> In Sweet v. Electric Light Co., 97 Tenn., 252, a suit was brought in the United States District Court, which was dismissed by that court for lack of jurisdiction. Within a year another suit on the same cause of action was brought

in the state court and the statute of limitations was interposed by the defendant and held to bar the suit. This court said:

"We think the demurrer was properly sustained and the suit properly dismissed. An action commenced in a Court having no jurisdiction to entertain it is no action in the sense of the statute. The matter stands the same as if no suit had been brought, or attempted to be brought, and the limitation runs from the date of the injury. If the action is brought in a Court without jurisdiction, the whole proceeding is void and of no effect, and if it should proceed to judgment, the judgment likewise would be void and without validity.

- - - -

In *Davis v. Parks*, 151 Tenn., 321, an action was brought against the director general of railroads in the wrong county and was dismissed for lack of jurisdiction. Thereafter, within one year after the dismissal of the first suit, another suit on the same cause of action was brought in a proper Court and the statute of limitations relied on.This court held that the new suit was not defeated by the statute of limitations and refused to follow *Sweet v. Electric Light Co.* when the jurisdiction of the first court in which the suit was brought failed merely because of the venue. Among other things, it was said:

"The case of *Sweet v. Electric Co.*, 97 Tenn., 252, 36 S.W. 1090, does not show the facts with regard to the first suit. The plaintiff may have been grossly negligent in originally choosing the forum, for all that appears, and the case may have been correctly decided on its own facts. But we do not consider that case authority for the proposition that however prudently a plaintiff may have acted in choosing his original forum, and however technical may have been the grounds for dismissal, a dismissal for want of jurisdiction, under any circumstances whatsoever, precludes plaintiff from relying upon the saving statute. Such a proposition is too far reaching to receive the approval of this court."

- - - -

As pointed out in Davis v. Parks, supra, and in *Smith v. McNeal*, 109 U. S., 426, 27 L. Ed. 986, there may be cases in which a plaintiff was grossly negligent in choosing the forum of his first suit and in which the rule announced in *Sweet v. Electric Light Co.*, *supra*, should be applied. *Moran v. Weinberger, supra*, proceeded to some extent on this idea. Under other circumstances, however, *Sweet v. Electric Light Co.*, will not be followed and may be considered as overruled, except as indicated. (Emphasis supplied)

-8-

No authority is cited or found wherein the saving statute was applied to an attempt to enforce a claim against a private corporation or individual before an administrative agency created to adjudicate only claims against a sovereign government.

Since there is no statutory provision for filing plaintiff's claim against Hurst before the Claims Commission, and there is express statutory provision for filing plaintiff's suit against Hurst in a court of law, it must be concluded that this case comes within the exception to the liberal rule adopted in *Burns v. Peoples Tel. & Tel. Co., supra.*

The circuit court case which is the subject of this appeal was not filed until February 8, 1996, four years and three months after the occurrence of plaintiff's injury which was subject to a one year statute of limitation. T.C.A. § 28-3-104.

Plaintiff's only response to the defense of statute of limitations is that this suit was filed within one year after dismissal of his action commenced within the statute of limitation by filing a claim with an administrative agency having no power to receive or consider the claim.

1. Plaintiff's <u>action</u> was not dismissed by a judgment or decree, but

2. Plaintiff's <u>claim</u> was effectively stricken because the Commission had no authority to entertain it.

3. The action of the commission did not preserve the right of plaintiff to prosecute the present suit after the expiration of the statute of limitations.

§ 9-8-402(b) that tolls the running of the statute of limitations as to all other potentially liable persons once a claim is filed. Tenn. R. App. P. 36(a) permits us to consider this statute even though Mr. Myers did not rely on this section in his brief. This statute must be construed together with Tenn. Code Ann. § 20-1-119. Accordingly, persons who file a claim with the claims commission must file a separate action under Tenn. Code Ann. § 20-1-119(b) within

ninety days after the State identifies a private party as being totally or partially liable for the claimant's injuries. Mr. Myers did not comply with Tenn. Code Ann. § 20-1-119 because the amendment to his claim seeking damages from a private party was clearly improper.

The judgment of the Trial Court overruling the motion for summary judgment in favor of Hurst Construction Co., Inc., is reversed, said motion is sustained, and plaintiff's suit against Hurst Construction Co., Inc., is dismissed. All costs of said suit, including costs of this appeal, are assessed against the plaintiff. This cause is remanded to the Trial Court for entry of an order consonant with this opinion and for any other further proper proceedings.

**REVERSED AND REMANDED.**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
SAMUEL L. LEWIS, JUDGE

_____
WILLIAM C. KOCH, JR., JUDGE