IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
October 28, 2009 Session

## MICHAEL SOWELL v. ESTATE OF JAMES W. DAVIS

An Appeal from the Circuit Court for Gibson County
No. 8350    Clayburn Peeples, Judge

No. W2009-00571-COA-R3-CV - Filed December 21, 2009

This appeal involves Tennessee's savings statute. The plaintiff filed a tort lawsuit against the defendant. During the pendency of the action, the defendant died. The plaintiff did not file a motion to substitute the proper party for the deceased defendant, as required under T.R.C.P. 25.01. The lawsuit was not dismissed on that basis. The trial court allowed the plaintiff to take a voluntary nonsuit. The plaintiff re-filed the instant lawsuit within one year, making the same allegations as in the original action but naming the estate of the decedent as the defendant. The estate filed a motion to dismiss, arguing that the savings statute was inapplicable because the original lawsuit should have been dismissed pursuant to T.R.C.P. 5.01 for failure to substitute the proper party, and because the defendants in the original lawsuit and the re-filed lawsuit were not identical. The trial court granted the estate's motion to dismiss on both grounds. The plaintiff now appeals. We reverse, finding that the estate's argument that it is not an entity capable of being sued has been waived, and concluding that the trial court erred in determining that the savings statute was inapplicable.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is
Reversed and Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Scottie O. Wilkes, Memphis, Tennessee, for the Plaintiff/Appellant, Michael Sowell.

Kyle C. Atkins, Humboldt, Tennessee, for the Defendant/Appellee, Estate of James W. Davis.

**OPINION**

**FACTS AND PROCEEDINGS BELOW**

The facts of this case are undisputed. On July 16, 1999, Plaintiff/Appellant Michael Sowell ("Sowell") filed a tort lawsuit against James W. Davis ("Davis").[1] On May 31, 2005, while the lawsuit was still pending, Defendant Davis died. On August 3, 2005, a suggestion of death was filed in the case and served on Sowell. According to Rule 25.01 of the Tennessee Rules of Civil Procedure, a motion to substitute the proper party for a deceased party may be made within ninety days after the suggestion of death is filed:

> (1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

Tenn. R. Civ. P. 25.01(1). Despite the filing of the suggestion of death, neither Sowell nor a representative of Davis filed a motion to substitute a proper party for Davis pursuant to Rule 25.01 at any time during the proceedings.

The case proceeded to trial. By the time of trial, Sowell's counsel had withdrawn, so Sowell proceeded *pro se*. Prior to trial, the Defendant filed a motion to dismiss pursuant to the mandatory language in Rule 25.01. On the morning of trial, May 10, 2007, the trial judge suggested to Sowell that he file a motion for a voluntary nonsuit. Apparently acting on this advice, Sowell filed a motion for a voluntary nonsuit, and the trial court entered an order dismissing the case without prejudice on that basis. The trial court did not adjudicate the defendant's motion to dismiss based on Rule 25.01. The trial court's order granting the voluntary non-suit was not appealed.[2]

On May 8, 2008, Sowell re-filed this action, *pro se*, pursuant to Tennessee's "savings statute," this time naming the "Estate of James W. Davis" as the defendant. Pursuant to the "savings statute," a voluntarily dismissed lawsuit may be re-filed within one year of such dismissal:

> (a) If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any

---

[1] The lawsuit arose out of an automobile accident.

[2] The documents supporting these facts were not included in the appellate record in this case. However, the facts are undisputed for purposes of this appeal.

-2-

ground not concluding the plaintiff's right of action, . . . the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest. . . .

Tenn. Code Ann. § 28-1-105 (2000) ("savings statute").

On August 8, 2008, "the Estate" filed its answer and a motion to dismiss, arguing that the re-filed lawsuit must be dismissed pursuant to Rule 25.01 because the Estate of James W. Davis was never substituted as a proper party in the original action following the suggestion of death filed on August 3, 2005. "The Estate" relied on the plain language of Rule 25.01, which states that, where no motion for substitution is made under the Rule within ninety days, "the action shall be dismissed as to the deceased party." In addition, "the Estate" argued in its motion that Sowell could not avail himself of the savings statute, because the parties in the original lawsuit and the re-filed lawsuit were not identical, asserting that "[t]he savings statute is not applicable to claims in a renewed complaint against a party not named as a defendant in the original complaint." *Engler v. Karnes Legal Servs.*, No. W2006-02443-COA-R3-CV, 2008 WL 2219279, at *5 (Tenn. Ct. App. May 29, 2008) (quoting *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991)).

In response, Sowell argued that Rule 25.01 is inapplicable because the original case was terminated based on his motion to take a voluntary nonsuit, not pursuant to Rule 25.01.[3] Sowell asserted that he was entitled to take a voluntary nonsuit because, at the time, no adverse decision had been entered against him. *See* Tenn. R. Civ. P. 41.01. Therefore, Sowell contended, pursuant to the savings statute, he was entitled to re-file his lawsuit within one year. Furthermore, he claimed, James Davis and the "Estate of James Davis" are one and the same for purposes of the savings statute. Thus, because the original lawsuit and the re-filed lawsuit were substantially the same, he argued, "the Estate's" motion to dismiss should be denied.

On December 1, 2008, the trial court conducted a hearing on "the Estate's" motion to dismiss. At the conclusion of the hearing, the trial court granted the motion. On February 11, 2009, the trial court entered an order of dismissal, stating:

> Michael Sowell had not complied with Rule 25.01 and therefore this matter shall be dismissed. Further, the savings statute can not be applied to save a claim against a party who was not a party to the original action.

From this order, Sowell now appeals.

---

[3]By the time he filed his response, Sowell had retained counsel.

On appeal, Sowell makes the same arguments as he made to the trial court, that Rule 25.01 is inapplicable because the first lawsuit was voluntarily dismissed, and that the savings statute is applicable to his re-filed lawsuit because the defendants named in the first and second lawsuits are substantially identical. The facts involved in this appeal are undisputed, and the issues presented are purely questions of law. Therefore, we review the trial court's decision *de novo* on the record presented, without a presumption of correctness in the trial court's decision. ***See In re Estate of Williams***, No. M2000-02434-COA-R3-CV, 2003 WL 1961805, at *26 (Tenn. Ct. App. Apr. 28, 2003).

## ANALYSIS

### *Rule 25.01*

We first address Sowell's argument that the trial court erred in dismissing this lawsuit based on his failure to comply with Rule 25.01 in the original lawsuit. Sowell concedes that the trial court *could have* dismissed the original lawsuit pursuant to Rule 25.01 after the time for permitting substitution of parties expired. He notes, however, that the lawsuit was not dismissed on that basis. Rather, the case proceeded to trial, and Sowell filed a motion to take a voluntary nonsuit as suggested by the trial court. The trial court granted the nonsuit and dismissed the case without prejudice, and there was no appeal of the trial court's order. Therefore, he claims, because the case was not actually dismissed based on Rule 25.01, but rather was dismissed without prejudice, he was permitted to avail himself of the protection of the savings statute. In response, "the Estate" argues that the language of Rule 25.01 is mandatory, and that the trial court did not err in dismissing Sowell's lawsuit on this basis.

We agree that the plain language in Rule 25.01 mandates a dismissal for failure to comply with the Rule's requirement that a proper party be timely substituted for a deceased party. Thus, it appears that the trial court in the original lawsuit would have been justified in dismissing that lawsuit based on Sowell's failure to substitute the proper party within ninety days of the suggestion of Davis's death. It is undisputed, however, that the lawsuit was not in fact dismissed on that basis. Rather, the trial court dismissed the lawsuit without prejudice based on Sowell's motion to take a voluntary nonsuit. The trial court's failure to adjudicate Davis's motion to dismiss based on Rule 25.01 could have been appealed, but it was not.[4] The savings statute operates to save a lawsuit if it is resolved "upon any ground not concluding the plaintiff's right of action . . . ." Tenn. Code Ann. § 28-1-205. The fact that the original lawsuit *could have* been dismissed pursuant to Rule 25.01 is of no moment, because it was not dismissed on that basis. Sowell's lawsuit was actually dismissed without prejudice on a ground that did not conclude his right of action, so Sowell was permitted to avail himself of the savings statute.

### *Identical Parties*

---

[4]Again, we note that the record of the first lawsuit was not filed with the appellate record in this case. However, the facts are undisputed by the parties.

Sowell next argues that the trial court erred in finding that the savings statute was not applicable to his re-filed lawsuit, because "the Estate" was not a party to the original action. This Court has held that the savings statute applies only when the original complaint and the re-filed complaint are "substantially for the same cause of action," and has specified that "[t]here must be an identity of the parties in order for the new and original complaints to be substantially the same." *Turner v. Aldor Co. of Nashville, Inc.*, 827 S.W.2d 318, 321 (Tenn. Ct. App. 1991). Sowell urges this Court to find, however, that the original lawsuit and this lawsuit are "substantially the same cause of action," and that the parties are identical for purposes of the savings statute.

In response, "the Estate" argues that a strict application of the "identity of parties" requirement is necessary to prevent abuse of Tennessee's savings statute. It notes that "James W. Davis" and the "Estate of James W. Davis" are in fact not one and the same. Sowell had an opportunity to substitute the proper party in the original action, but failed to do so. Therefore, "the Estate" argues, Sowell should not be permitted to "save" a lawsuit against a party who was not a party to the original lawsuit.

Neither party has cited a Tennessee case on this issue, and we have found none. Therefore, it must be considered an issue of first impression. It is certainly true that Sowell could have, and should have, substituted the proper party for the decedent Davis after the suggestion of death was filed in the original lawsuit. However, for purposes of resolving this issue, the situation is the same as if Davis's death occurred *after* the original lawsuit was nonsuited. In such a situation, the plaintiff would have no choice but to re-file the lawsuit against the estate of the decedent through the personal representative. Under the reasoning advocated by "the Estate," the plaintiff in that circumstance would be precluded from availing himself of the savings statute. We cannot agree with this interpretation. Therefore, we must respectfully disagree with the holding of the trial court. Under the circumstances presented in this case, we conclude that, for purposes of the savings statute, "Davis" and the "Estate of Davis" are considered to be substantially identical.

### Estate Not A Party Capable of Being Sued

On appeal, "the Estate" asserts that this Court should affirm the trial court's dismissal of Sowell's complaint for the additional reason that Sowell's lawsuit was filed against the estate, rather than the personal representative of the estate, and an estate is not a proper party capable of suing or being sued. Sowell concedes that, under Tennessee law, an estate is not a proper party defendant capable of being sued except in certain circumstances. *See Bryant v. Estate of Klein*, No. M2008-01546-COA-R9-CV, 2009 WL 1065936 (Tenn. Ct. App. Apr. 20, 2009) (citing *Goss v. Hutchins*, 751 S.W.2d 821, 824 (Tenn. 1998)). He notes, however, that "the Estate" did not raise this issue in the trial court, and that, therefore, this argument has been waived.[5] Indeed, "the Estate" points to no place in the record in which the issue was brought before the trial court.

---

[5]At oral argument, counsel for Sowell argued that, if the issue had been raised in the trial court, Sowell would then have had the opportunity to seek an amendment of his petition to substitute the proper party for the Estate.

It is well settled that issues not raised in the trial court are waived and may not be raised for the first time on appeal. ***See Alexander v. Armentrout***, 24 S.W.3d 267, 272 (Tenn. 2000); ***see also*** Tenn. R. App. P. 36(a). From our review of the appellate record, we find that this issue was not properly raised and that, therefore, it has been waived.

## CONCLUSION

The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this Opinion. Costs on appeal are to be taxed to Appellee Estate of James W. Davis, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE