IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief October 10, 2003

## STACY DEAL AND STEPHANIE CHERRY, CO-ADMINISTRATORS OF THE ESTATE OF ALONZO DONALD TUCKER, DECEASED v. LEE M. HASTINGS

Direct Appeal from the Circuit Court for Dyer County
No. 00-106     Lee Moore, Judge

—————————————

No. W2003-00912-COA-R3-CV - Filed December 22, 2003

—————————————

Co-administrators of the decedent's estate sued Walter Hastings (Walter) alleging that he owned the residence that the deceased was renting at the time of the fire negligently caused by the defendant, and which resulted in his death. Walter was granted summary judgment upon showing that he was not the owner of the house, but rather it was owned by his son, Lee M. Hastings (Lee). The complaint was amended to substitute Lee as the defendant outside the one-year statute of limitations. The trial court granted summary judgment in favor of Lee on the basis that he did not know in a timely manner of the suit brought against his father. Having determined that a trier of fact could reasonably conclude to the contrary, we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Martin L. Howie, Dyersburg, Tennessee, for the appellants, Stacy Deal and Stephanie Cherry.

Karyn C. Bryant, Nashville, Tennessee, for the appellee, Lee Hastings.

**OPINION**

Stacy Deal and Stephanie Cherry, co-administrators of the estate of Alonzo Donald Tucker, deceased, caused a complaint to be filed on July 7, 2000, alleging that Mr. Tucker died January 1, 2000, in a fire in a home he rented from the defendant, Walter Hastings. It was further alleged that Mr. Tucker's death was proximately caused by the negligence of Walter Hastings. Mr. Hastings answered the complaint denying that he was the owner.

On March 21, 2001, Walter[1] filed a motion for summary judgment supported by his affidavit that he had never owned nor operated the house at issue in this lawsuit and by copy of a quitclaim deed whereby the subject property was conveyed by Lee M. Hastings, the sole shareholder of Lee Petroleum Corporation, to Lee M. Hastings individually.

On May 3, 2001, the Plaintiffs moved for leave to amend their original complaint by substituting Lee M. Hastings as defendant in place of Walter Hastings. By order of May 17, 2001, the trial court granted Walter's motion for summary judgment and granted the Plaintiffs' motion to amend by naming a new defendant, Lee Hastings. Lee filed a motion to dismiss pursuant to Rule 12.02(6)[2] of the Tennessee Rules of Civil Procedure on the basis that the action against him was barred by the one-year statute of limitations set forth in Tenn. Code Ann. § 28-3-104(2000). The motion was supported by the depositions of Walter and Lee, which converted the motion to one for summary judgment pursuant to Tenn. R. Civ. P. 12.02, wherein they both testified that neither could recall Walter Hastings or anyone else notifying Lee that the Plaintiffs had filed a lawsuit against Walter concerning the fire.

When a defendant establishes their entitlement to a statute of limitations defense, the burden of proof shifts to the plaintiff to establish an exception. *Smith v. Southeastern Props., Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989); *Stockburger v. Rhea*, 488 S.W.2d 378, 382 (Tenn. Ct. App. 1972). In order to overcome the statute of limitations defense here asserted, the Plaintiffs in this case must establish that this case falls within the parameters of Tenn. R. Civ. P. 15.03 which provides:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

A party relying upon the relation back feature of Rule 15.03 must establish that (1) the claim arises out of the same conduct, transaction, or occurrence involved in the original complaint; (2) the party to be brought in by the amendment must not be prejudiced in maintaining its defense; and (3) the party to be brought in by amendment either knew or should have known it would have been sued

---

[1] For purpose of clarity, Walter Hastings and Lee Hastings are referred to by their first names.

[2] The motion actually states that it is brought pursuant to Rule 12(b)(6) of the Tennessee Rules of Civil Procedure. Rule 12(b)(6) is the federal counterpart to Rule 12.02(6) of the Tennessee rules.

had it not been for the misnomer or similar mistake. *Doyle v. Frost*, 49 S.W.3d 853, 858 (Tenn. 2001); *McCracken v. Brentwood United Methodists*, 958 S.W.2d 792, 796 (Tenn. Ct. App. 1997). Both complaints filed in this case arise out of the same "conduct, transaction, or occurrence." As stated in *Floyd v. Rentrop*, 675 S.W.2d 165, 168 (Tenn. 1984), "[n]otice is the critical element involved in determining whether amendments to pleading relate back." The notice required must be notice of the lawsuit rather than merely showing notice of the underlying injury. *Smith v. Southeastern Props., Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989). The notice must also be received before the running of the applicable statute of limitations. *McCracken*, 958 S.W.2d at 796.

Walter Hastings and Lee Hastings are father and son. They both live in Dyersburg, Tennessee, about three streets apart and which Walter described as about a one-minute drive. They attend the same church each Sunday and Wednesday when in town. Their families have dinner together on a regular basis. Although Walter was retired at the time of the fire, he still maintains an office in the same building with Lee, but Walter testified that his office is in the front of the building and Lee's office is in the back. Both Walter and Lee testified that they have a good relationship with one another. Walter testified that when he learned of the fire about two days after it occurred, he thought that the property was owned either by Lee or Lee Petroleum, of which Lee was the sole stockholder. Walter testified that he did not discuss the fire with anyone in the family. He further testified that he did not recall talking to Lee about the lawsuit that was filed against him.

Lee testified that he did not know when his father was served with the lawsuit and his father did not tell him about it. He stated that his father never mentioned the lawsuit to him and testified that he could not recall whether he knew that his father had been sued. Lee testified that, to his knowledge, he did not receive any communication, correspondence, etc., from anybody regarding the lawsuit that had been filed against his father. Filed as an exhibit to Lee's deposition was a copy of an article in the local newspaper, the State Gazette, of July 16, 2000. The article reported that suit had been filed against Walter Hastings in the amount of $10 million by the administrators of the estate of Mr. Alonzo Donald Tucker, a tenant of Walter Hastings who died in the fire. Lee testified that, at all times here material, he subscribed to this newspaper and it was delivered to his home. However, he testified that in the past four years, there had probably been fifteen occasions when it was not delivered. However, he testified that he did not recall ever having seen the article about the lawsuit being filed against his father.

As noted in the committee comments to Rule 15.03:

Under Rule 15.03, an amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading and thus avoid the bar of any statute of limitations, if, and only if, the party brought in by amendment receives notice, before the statute has run, that the suit has been brought and that this party knows or should have known that but for misnomer or similar mistake the suit would have been brought against him or her. The rule does not, therefore, raise any possibility that a person who has had no reason to know that he or she is expected to

respond to a claim will be brought into a suit after the applicable statute of limitations has run.

In reviewing summary judgment, our supreme court in *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 88-89 (Tenn. 2000), stated:

> The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown*, 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.*, 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall*, 847 S.W.2d at 215.
>
> To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer*, 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.*, 960 S.W.2d at 588; *Robinson v. Omer*, 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.
>
> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer*, 952 S.W.2d at 426; *Byrd v. Hall*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a

reasonable person to reach only one conclusion. *See McCall v. Wilder*, 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995).

In order to successfully apply the relation back of Rule 15.03, the Plaintiffs must establish that Lee Hastings knew, or should have known, that the lawsuit filed against his father concerned property Lee owned within the limitations period or within 120 days of the commencement of the action. The notice must be notice of the lawsuit rather than notice of the underlying injury, which in this case is the fire. *See Smith v. Southeastern Props., Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989). It has been said that the goal behind Rule 15 is "to insure that cases and controversies be determined upon their merits and not upon legal technicalities or procedural niceties." *Karash v. Piggott*, 530 S.W.2d 775, 777 (Tenn. 1975); *see also Doyle v. Frost*, 49 S.W.3d 853, 856 (Tenn. 2001).

We acknowledge that both Walter and Lee testified that they have no memory of having discussed the lawsuit filed against Walter. However, as our supreme court recently stated in *Godfrey v. Ruiz*, 90 S.W.3d 692 (Tenn. 2002), "[s]ummary judgment should therefore be granted only when the facts and conclusions to be drawn from the facts permit a reasonable person to reach but one conclusion." *Id*. at 696 (citing *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002); and *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995)). *Godfrey v. Ruiz* involved a vehicular accident wherein the plaintiffs sued the owners of a vehicle driven by the cousin of one of the defendants. The defendants filed a motion for summary judgment supported by affidavits and deposition testimony to the effect that the driver was operating the vehicle without their permission and was not their employee. In reversing the grant of summary judgment, the court held that an owner's offer of testimony negating the issue of agency, standing alone, does not overcome the prima facie evidence of an owner-driver agency relationship created by Tennessee Code Annotated § 55-10-311(a)(1998). We recognize that the case before us does not concern the statutory presumption presented in *Godfrey v. Ruiz*. However, we believe the general principle is applicable to the present case.

Given the relationship of Walter and Lee, it stretches credulity that they would not have discussed the fact that Walter had been sued for $10 million as a result of alleged ownership of property which he knew to be owned by his son. We do not mean to imply that the father/son relationship, in and of itself, would be sufficient. However, given the totality of the circumstances, we believe that the facts and conclusions to be drawn from the facts in this case would permit a reasonable person to reach more than one conclusion. A trier of fact could reasonably conclude that Lee Hastings had timely notice of the lawsuit filed against Walter Hastings. As the court further said in *Godfrey*, the defendants "status as interested witnesses places their credibility in question." *Id*. at 696.

The judgment of the trial court granting summary judgment in favor of defendant Lee Hastings is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are taxed to the appellee, Lee Hastings.

_____

DAVID R. FARMER, JUDGE