Eddie **SMITH, Individually and Eddie Smith as Next–of–Kin, f/u/b of the Heirs of Frederick Keith Smith, Deceased, Plaintiff/Appellee,**

v.

**SOUTHEASTERN PROPERTIES, LTD., d/b/a Southwinds Apartments, Bill Turner, Leo J. Johnson, Wayne Key, Glen G. Blackwell, William R. Collins, and Rex Rankin, Jr., d/b/a North Shelby Pools, Defendants/Appellants.**

Court of Appeals of Tennessee, Western Section.

Feb. 24, 1989.

Application for Permission to Appeal Denied by Supreme Court, Aug. 7, 1989.

Robert F. Miller and Daniel F. Johnson, of Wildman, Harrold, Allen, Dixon & McDonnell, Memphis, for defendants-appellants.

Leslie I. Ballin, Ballin & Ballin, P.C., Memphis, for plaintiff-appellee.

TOMLIN, Presiding Judge (Western Section).

This is an interlocutory appeal pursuant to Rule 9 T.R.A.P. from the Circuit Court for Shelby County. This court granted the appealing defendants permission to challenge the trial court's order granting plaintiff's motion to amend his complaint to add them as party defendants pursuant to T.R.C.P. 15.03, at the same time overruling defendants' motion for summary judgment. In so doing the trial court disallowed their plea of the statute of limitations. The sole issue presented by the appeal is whether the trial court erred in overruling defendants' summary judgment motion. We hold that it did. Accordingly, we reverse and dismiss.

On June 10, 1984, plaintiff's minor son drowned in the Southwinds Apartments' swimming pool. On May 15, 1985, plaintiff

filed his complaint against Southeastern Properties, Ltd., d/b/a Southwinds Apartments, as well as against Bill Turner and Leo J. Johnson, d/b/a North Shelby Pools.[1] Service was not had on Southeastern Properties, alleged in the complaint to be a corporation. The summons was returned by the Shelby County Sheriff's Office with the notation "no authorized agent in this state."

The applicable one-year statute of limitations for plaintiff's wrongful death action ran on June 10, 1985. On June 13, 1985, plaintiff filed an amended complaint, this time alleging that Southeastern Properties was a limited partnership, with Wayne Key as general partner, and Graham C. Blackwell, William R. Collins and Rex Rankin, Jr. as limited partners. They were all served. On August 9, 1985, these defendants filed a motion to dismiss and/or for summary judgment, contending they did not own Southwinds Apartments on the date of young Smith's death.

On November 18, 1985, plaintiff filed yet another motion to amend his original complaint, this time seeking to add as defendants Southwinds Associates, Ltd., a limited partnership, which was in fact the actual owner of the subject property at the time of the incident, along with its two general partners and all of its limited partners. Each general partner of Southwinds was served with a summons, a copy of the original complaint, a copy of the first amended complaint, and a copy of the motion to allow amendment. One general partner received these documents on November 29, 1985, the other on December 2, 1985. These defendants are the "appealing defendants" in the case under consideration. On December 27, 1985, the appealing defendants filed their motion to dismiss and/or for summary judgment, asserting two grounds—(1) the statute of limitations; and (2) that the limited partners had no liability.

On May 29, 1986, the trial court entered an order dismissing the case with prejudice

as to Southeastern Properties and its partners, leaving Turner and Johnson in the case. On January 28, 1987, the trial court entered an order allowing plaintiff to amend his complaint to add the defendants herein. As of this time, however, no complaint has been filed setting forth a cause of action against these defendants. On April 29, 1988, after a hearing on defendants' motion for summary judgment, the trial court overruled the motion and again allowed plaintiff's amendment to his original complaint, relating the amendment back to May 15, 1985, the date the original complaint was filed.

Rule 15.03 of the Tennessee Rules of Civil Procedure, which is identical with Rule 15(c) of the Federal Rules of Civil Procedure, provides as follows:

> Whenever the claim or defense asserted in the amended pleadings arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him. Except as above specified, nothing in this rule shall be construed to extend any period of limitations governing the time in which any action may be brought.

In *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn.1975), our Supreme Court noted that "Rule 15.03 has never been construed by our courts; however, its language is so

1. Service of process was had on Turner and Johnson. They are not involved in the issue prsented by this appeal.

clear and unequivocal that it is virtually self-construing."

Furthermore, the Committee comments to this rule make clear under what circumstances a party brought into the litigation late may be kept in the litigation:

Under Rule 15.03, an amendment changing the party against whom a claim is asserted will relate back to the date of the original pleading and thus avoid the bar of any statute of limitations if, and only if, the party brought in by amendment receives notice, before the statute has run, that the suit has been brought and that he knows or should have known that but for misnomer or similar mistake the suit would have been brought against him. The rule does not, therefore, raise any possibility that a person who has had no reason to know that he is expected to respond to a claim will be brought into a suit after the applicable statute of limitations has run.

 It is clear from the rule, the Committee comments, and cases construing Rule 15, in both our courts and the federal system, that timely notice to the party being charged is material to the amendment relating back to the date of the original suit. In order to be "timely" the notice must be received during the statutory period by the party sought to be charged—in this case one year from the date of death on June 10, 1984. "Notice" means notice that a lawsuit asserting a legal claim has been filed. That the defendants in the case under consideration may have had notice of the incident out of which this action arose is insufficient. *Osborne Enterprises, Inc. v. City of Chattanooga*, 561 S.W.2d 160, 164 (Tenn.App.1977); *Jenkins v. Carruth*, 583 F.Supp. 613, 616 (E.D.Tenn.1982), *aff'd*, 734 F.2d 14 (6th Cir.1984)

Neither in the trial court nor in this Court does plaintiff contend the appealing defendants had actual knowledge or notice of plaintiff's original lawsuit. Rather, plaintiff contends that one or more of several people were "agents" of these defendants, one or more of these "agents" had knowledge of the institution of the suit prior to the running of the statute of limi-

tations, and this knowledge should be imputed to the defendants. A reading of the record demonstrates that the trial judge did not resolve the question of notice, for in overruling defendants' summary judgment motion and allowing plaintiff's amendment to relate back to the date of the original complaint, the court simply stated: "Well, then on a question that close I'd be inclined to allow it. I'm going to allow it."

 In a case such as this, in which the defendants have asserted a defense based on the statute of limitations, if their entitlement to the statute's protection has been established, the burden of proof shifts to the plaintiff to establish the exception to the statute being claimed. *Stockburger v. Ray*, 488 S.W.2d 378, 382 (Tenn.App.1972). Plaintiff did not seek any relief against the defendants herein until November, 1985, more than five months after the statute of limitations had run. Thus, the record on its face revealed that the one-year statute of limitations barred plaintiff's action against these defendants, thereby shifting the burden to the plaintiff to establish by credible proof that the defendants are not entitled to this defense.

 Rule 15.03 presents a two-pronged test. We will discuss the first of those—notice—presently. Addressing the second element, plaintiff has not shown that the failure to name these defendants in the original complaint resulted from a "mistake concerning the identity of the proper party," as required by Rule 15.03(2). A "mistake" within the meaning of this rule does not exist merely because a party who may be liable for conduct alleged in the original complaint was omitted as a party defendant. *Jenkins*, 583 F.Supp. at 616. Plaintiff addressed this element only by way of argument, which does not rise to the dignity of evidence.

Notice is clearly the critical element involved in the application of Rule 15.03. The type of notice required under these circumstances has been described as "fair notice that a legal claim existed in, and was in effect being asserted by," the plaintiff. *Williams v. United States*, 405 F.2d 234, 236–38 (5th Cir.1968). Plaintiff has in no

way challenged the affidavits of Southwinds' two general partners wherein they stated unequivocally under oath they were unaware of plaintiff's legal claim until November–December, 1985. Rather, plaintiff seeks to establish notice on the basis of an alleged agency relationship between the named defendants and certain individuals.

The record reflects that following the death of young Smith, the Integon Insurance Company, Southeastern's insurer, set in motion an investigation of plaintiff's claim. Jeffrey Burns testified he was an independent insurance adjuster employed by Integon to investigate the accident and to report to Integon. He testified the only person with whom he ever made contact was Mrs. Betty Galloway, the apartment manager. He sent a copy of plaintiff's notice letter to Integon and to Dan Richardson, an attorney employed by Integon. Burns identified the named insured as Southwinds Associates. He had no contact whatsoever with the entity, Southwinds Associates. Furthermore, there is no evidence in the record that any of the defendants employed either Burns or Richardson or that they even knew Burns or Richardson. While we find no case law on this point from Tennessee, it has been held that in the context of litigation neither an insurance company nor persons employed by it are agents of the insured. *See Attleboro Manufacturing Co. v. Frankfort Marine, Accident & Plate Glass Ins. Co.*, 240 F. 573 (1st Cir.1917).

In addition, plaintiff contends one of Southwinds' present counsel, Robert Miller, was an attorney of record for Southeastern; thus, Southwinds would be charged with notice through him. The technical record does reflect that after plaintiff filed his first amended complaint against Southeastern Properties, Robert Miller filed Southeastern's motion to dismiss on the grounds that it did not own the property. This is the first time Miller appeared for Southeastern. He filed this pleading on August 9, 1985, two months *after* the statute of limitations had run. This would in no way meet the requirement of Rule 15.03

The last "agent" as contended by plaintiff through whom defendants purportedly received sufficient notice was Betty Galloway, the apartment manager at the time young Smith drowned. There is no testimony by Mrs. Galloway in the record. Plaintiff's characterizations of Mrs. Galloway's actions at the time suit was filed in "refusing to accept service" and in June, 1985 allegedly misleading plaintiff's investigator are misstated insofar as the alleged refusal of service of process is concerned. The record does not reflect that service was refused by her. Written on the face of the summons issued to Southeastern Properties, Ltd., d/b/a Southwinds Apartments at 1760 Chancery, by a representative of the Shelby County Sheriff's Office, is the following legend: "Their [sic] is no authorized agent in this State per Betty Galloway Res Mgr." Furthermore, a reading of the affidavit of plaintiff's investigator indicates plaintiff's statements to the effect that Mrs. Galloway misled the investigator as to who owned the property is a conclusion in the way of argument not borne out by the affidavit.

In conclusion, we find plaintiff failed to carry his burden of proof to establish by credible evidence that prior to the running of the one-year statute of limitations these defendants "had fair notice that a legal claim existed in and was being asserted by" the plaintiff. This record does not establish that either of the two tests required by Rule 15.03 in order to relate the amendment back to the initial filing date has been met.

Accordingly, the trial court's judgment is reversed. Plaintiff's motion seeking to bring in as party defendant Southwinds Associates, Ltd. and all of its partners is denied. Defendants' summary judgment motion is granted, as these defendants are protected by the one-year statute of limitations. Costs on appeal are taxed to the plaintiff, for which execution may issue if necessary.

FARMER, J., and McLEMORE, Special J., concur.