FILED

Dec. 29, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT NASHVILLE

EXCHEQUER 1982-1 OIL AND )
GAS DRILLING PARTNERSHIP, )
ET AL, )
                                        )
        Plaintiffs/Appellees,           )  Putnam Chancery No. 90-644
                                        )
VS.                                     )  Appeal No. 01A01-9502-CH-00072
                                        )
CHARLES R. MILLER, JR., CITIZENS )
BANK OF TENNESSEE AND )
WILLIAM A. THORNE, )
                                        )
        Defendants/Appellant.           )

APPEAL FROM THE CHANCERY COURT OF PUTNAM COUNTY
AT COOKEVILLE, TENNESSEE
THE HONORABLE VERNON NEAL, CHANCELLOR

R. DALE GRIMES
JOSEPH F. WELBORN, III
BASS, BERRY & SIMS
Nashville, Tennessee
Attorneys for Appellant Citizens Bank

CLARK L. SHAW
Nashville, Tennessee
Attorney for Appellees

C. WARREN TRAINOR
EHMANN, VAN DENBERGH & TRAINOR, PC
Philadelphia, Pennsylvania
Attorney for Appellees

REVERSED

ALAN E. HIGHERS, JUDGE

CONCUR:

W. FRANK CRAWFORD, P.J., W.S.

HEWITT P. TOMLIN, JR., SR. J.

        This case comes before us as an interlocutory appeal pursuant to T.R.A.P. 9.  The

Appellant, Citizens Bank of Tennessee (hereinafter "Citizens"), appeals the chancellor's denial of its Motion for Summary Judgment against the Plaintiffs below, a group of ten limited partnerships; to wit: Exchequer Associates Oil and Gas Drilling Partnership 1982-1; Exchequer 1983-1 Oil and Gas Drilling Partnership; Exchequer 1983-2 Oil and Gas Drilling Partnerships; Exchequer Synergy 1983-1 Oil and Gas Drilling Partnership; First Energy 1983-1 Oil and Gas Drilling Partnership; First Energy 1984-1 Oil and Gas Drilling Partnership; Overlord 1983-1 Oil and Gas Drilling Partnership; Overlord II 1984-1 Oil and Gas Drilling Partnership; Overlord III 1984 Oil and Gas Drilling Partnership; and Overlord IV 1984 Oil and Gas Drilling Partnership (hereinafter "Partnerships").[1]

The Partnerships were formed in the early 1980's by Commonwealth Enterprises, Inc. (hereinafter "Commonwealth") for the purposes of oil and gas exploration and development. All of the Partnerships were formed under the provisions of Tennessee's Uniform Limited Partnership Act. T.C.A. § 61-2-101 et. seq. (1989 & Supp. 1994) Commonwealth was one of two general partners in each of the Partnerships. Each Partnership also had an administrative partner, whose role was both to monitor the operations of the Partnerships on behalf of the limited partners and to furnish the limited partners with timely financial reports of the Partnership's activities. The partnership agreement required Commonwealth to segregate the funds of each of the limited Partnerships. The agreement also forbade Commonwealth to use Partnership funds for its own benefit.

The Partnerships allege that between January of 1985 and November of 1986, Commonwealth stole money from the Partnership's funds. Specifically, the Partnerships allege that in March of 1985, Citizens Bank, through its former CEO and Chairman of the Board, Charles R. Miller, Jr., assisted Commonwealth in misrepresenting Commonwealth's year-end financial condition by participating in a false loan transaction which added $1,850,000 to Commonwealth's cash assets and equity capitalization. As a result of the

---

[1]This suit was originally filed by a total of fifteen limited partnerships. The claims of the five Keystone Partnerships; to wit: Keystone 1983-1 Oil and Gas Drilling Partnership; Keystone 1983-2 Oil an Gas Drilling Partnership; Keystone 1984-1 Oil and Gas Drilling Partnership; Keystone 1984-2 Oil and Gas Drilling Partnership; and Midco 1983-1 Oil and Gas Drilling Partnership, are not at issue in this appeal.

false loan transaction, the Partnerships allege that Commonwealth's true financial condition was concealed.

Commonwealth declared bankruptcy in February of 1987. The Partnerships allege that they did not discover that Commonwealth misappropriated their funds until April 7, 1987, when the Bankruptcy Trustee appointed an outside entity to organize Commonwealth's records.

The Partnerships filed their original Complaint on April 3, 1990. On December 9, 1991, the Appellant filed a Motion to Dismiss the claims of the Partnerships based upon the three year statute of limitations set forth in T.C.A. § 28-3-105 (1980 & Supp. 1994). That statute states in pertinent part:

> Property Tort Actions -- Statutory liabilities-- The following actions shall be commenced within three (3) years from the accruing of the cause of action:
> (1) Actions for injuries to personal or real property;
> (2) Actions for the detention or conversion of personal property . . .

Although the chancellor stated that the Appellant's Motion to Dismiss was "well taken," it gave the Partnerships leave to amend their Complaint to add allegations of fraudulent concealment, which the Partnerships did. On April 1, 1993, Appellant filed a Motion for Summary Judgment as to the claims set forth in the Amended Complaint, again based upon the statute of limitations in T.C.A. § 28-3-105. The chancellor denied Appellant's motion. His order states in pertinent part:

> No answer has been filed by the defendant Citizens Bank. While a motion for summary judgment may be filed before an answer is filed, all well pleaded matters in the complaint not refuted in some manner must be taken as true for the purpose of determining whether there are any material facts in dispute and whether a motion for summary judgment should be granted.
> . . . .
> [P]laintiffs [the Partnerships] did . . . plead that a fiduciary relationship exists or existed between them and the defendants. There is nothing in the record refuting the allegation in the plaintiffs' complaint that a fiduciary relationship exists or existed between the Ten Plaintiffs and the defendants.
> . . . .
> Thus in the case at bar there is an allegation of both a fiduciary relationship and a concealment and the concealment may

3

have been evidenced by silence.  Accordingly, the court finds that a dispute of material facts exists as to whether there was a fiduciary relationship between the parties, and whether the defendants remained silent when they had a duty to speak and whether their conduct amounted to fraudulent concealment of the plaintiffs' claims.

Thereafter, an interlocutory appeal was granted to consider the chancellor's denial of Appellant's Motion for Summary Judgment with regard to the claims of the Partnerships.

Since this appeal is from a motion for summary judgment, we must determine whether the Appellant's motion satisfies the requirements of Tenn. R. Civ. P. 56.  Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991).  It is well established that "[n]o presumption of correctness attaches to decisions granting summary judgment because they involve only questions of law.  Thus, on appeal we must make a fresh determination concerning whether the requirements of  . . . [Rule 56] have been met." Gonzales v. Alman Const. Co., 857 S.W.2d 42 (Tenn. App. 1993).  In Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993), the Tennessee Supreme Court stated that summary judgment is proper where (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, and (2) the moving party is entitled to judgment as a matter of law.  Where the basis of the moving party's motion for summary judgment is a statute of limitations defense, the movant has the burden of demonstrating that there were no disputes regarding "(1) the statute of limitations properly applicable to . . . [the] cause of action, (2) the date on which the cause of action accrued, and (3) the date on which suit was filed."  Wilkins v. Third Nat'l Bank of Nashville, 884 S.W.2d 758 (Tenn. App. 1994) (citing Carvell v. Bottoms, App. No. 01-A-0109401-CV-00032, slip op. at 5, 1994 Tenn. App. LEXIS 292 (Tenn. App. 1994), *rev'd on other grounds* 900 S.W.2d 23 (Tenn. 1995)).

The primary issue for this Court's consideration is when the Partnership's cause of action accrued.  The Partnership's Amended Complaint alleges that Commonwealth misappropriated Partnership funds between January, 1985, and November, 1986.  The alleged false loan transaction, which is the basis of the Partnership's claim of fraudulent concealment, occurred in March 1985.  However, the Partnerships did not file their original

4

Complaint until April 1990. Arguing that a cause of action accrues for purposes of the statute of limitations when an injury occurs, or is discovered, or reasonably should have been discovered, Prescott v. Adams, 627 S.W.2d 134, 138 (Tenn. App. 1981), the Appellant filed a properly supported motion for summary judgment, establishing: (1) T.C.A. § 28-3-105 is the applicable statute of limitations, (2) the Partnerships cause of action accrued in March of 1985, and (3) suit was not filed until April of 1990. As the Appellant correctly states, it did not have the initial duty of establishing the absence of facts which would toll the statute of limitations. Carvell, 1994 Tenn. App. LEXIS 292, n. 2. (Tenn. App. 1994) (citing Jones v. Coal Creek Mining & Mfg. Co., 133 Tenn. 159, 169, 180 S.W. 179, 182 (1915); Smith v. Southeastern Properties, Ltd., 776 S.W.2d 106, 109 (Tenn. App. 1989)). Rather, once the Appellant made a properly supported motion for summary judgment, it was the duty of the Partnerships, as the non-moving party, to come forward with evidence establishing the existence of disputed, material facts. Byrd, 847 S.W.2d at 215. As the Tennessee Supreme Court unequivocally stated in Byrd, "[t]he non-moving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05" Id.

In the present case the Partnerships, unfortunately, failed to respond to the Appellant's Motion for Summary Judgment with affidavits, pleadings, depositions, or other competent evidence tending to establish a material question of fact as to the dispositive issue: whether the statute of limitations barred the Partnership's claims. Since the Partnerships contended that the equitable tolling doctrine of fraudulent concealment prevented their claims from being time-barred, it was incumbent upon the Partnerships to present sworn evidence supporting that claim. Tenn.R.Civ. P. 56.05; Byrd, 847 S.W.2d at 215. The Partnerships failed to meet this burden, instead relying solely on the unsworn allegations set forth in their Amended Complaint.

We respectfully disagree with the chancellor's finding that the allegations set forth in the Partnership's Amended Complaint were sufficient to defeat Appellant's Motion for Summary Judgment. Our summary judgment rule clearly allows a defending party to

5

move for summary judgment at any time. Tenn. R. Civ. P. 56.02. The rule also states, without exception, that the non-moving party cannot rest on its pleadings, but must come forward with additional evidence to support its claim. Tenn. R. Civ. P. 56.05; Byrd, 847 S.W.2d at 215. We do not believe that the drafters of Rule 56 intended to create a loophole in summary judgment procedure by sanctioning a narrow exception in which the non-moving party is allowed to rely solely on its pleadings to defeat a motion for summary judgment. We therefore hold that the Partnership's Amended Complaint, standing alone, is insufficient to overcome the Appellant's Motion for Summary Judgment.

For the reasons stated herein, the judgment of the chancellor is reversed, and summary judgment is entered for appellant. Costs are taxed to the appellees.

_____

HIGHERS, J.


CONCUR:


_____

CRAWFORD, P.J., W.S.


_____

TOMLIN, SR. J.

6