IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 9, 2004 Session

## MARY RUTH WILLIS, as Surviving Mother of and Administratrix for the Estate of JENNIE LEE EDDLEMON, deceased v. UNIVERSITY HEALTH SYSTEM, INC., d/b/a THE UNIVERSITY OF TENNESSEE MEDICAL CENTER, TEAM HEALTH, INC., SOUTHEASTERN EMERGENCY PHYSICIANS, INC., and RALF JOFFE, D.O.

Direct Appeal from the Circuit Court for Knox County
No. 2-73-01     Hon. Harold Wimberly, Circuit Judge

_____

No. E2004-00259-COA-R3-CV - FILED OCTOBER 8, 2004

_____

Plaintiff added defendant to suit pursuant to Tenn. R. App. P. Rule 15 after statute of limitations expired. The Trial Court granted defendant summary judgment. On appeal, we affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and WILLIAM H. INMAN, SR., J., joined.

Linda G. Welch, Knoxville, Tennessee, for Appellant.

Heidi A. Barcus and Hillary B. Jones, Knoxville, Tennessee, for Appellee, Ralf Joffe, D.O.

### OPINION

        This action originated with the filing of a Complaint by Jennie Lee Eddlemon, against University Health System, Inc., Team Health, Inc., Southeastern Emergency Physicians, Inc., and J. Doe, M.D., defendants. Plaintiff alleged that on March 13, 2000, she went to the emergency room of UT Hospital and was examined by an unknown doctor whom she referred to as J. Doe, M.D. She further alleged that she informed the doctor that she was taking a

-1-

medication called Parnate, which is an MAO inhibitor, and that he prescribed Demerol, which is contraindicated for a patient taking an MAO inhibitor. She charged she suffered a severe adverse reaction to the medication, went into a coma, and required extensive hospitalization and care afterward.

Plaintiff alleged malpractice by defendants and sought damages. The Complaint was filed on February 2, 2001.

University Health System, Inc. ("University"), Answered, denying all allegations of negligence and liability. Team Health, Inc. ("Team Health), and Southeastern Emergency Physicians, Inc. ("Southeastern"), also Answered denying liability, and denying they employed the unidentified doctor.

On August 16, 2001, plaintiff moved to amend the Complaint, alleging she had recently learned the identity of J. Doe, M.D. to be Ralf Joffe, D.O. She asserted she learned this information when defendant University filed its interrogatory answers, which were served on plaintiff's counsel on or about July 24, 2001. Plaintiff asserted that she had exercised due diligence in attempting to ascertain the name of the doctor, but his signature on her medical records was illegible, and the medical records department at the hospital could not match it with any signature on file.

Upon a hearing, the Trial Court granted the Motion directing plaintiff's Complaint to be amended to substitute J. Doe, M.D., with Ralf Joffe, D.O., "preserving to Ralf Joffe, D.O. any and all defenses available to him." The Court ordered that plaintiff have process issued through the clerk to be served on Dr. Joffe, along with a copy of the Amended Complaint. A Summons issued to Dr. Joffe, which was accepted by Dr. Joffe's counsel, who is also the attorney for Southeastern.

After the Complaint was again amended, Joffe filed a Motion to Dismiss, asserting that the claims against him were barred by the applicable statute of limitations, found at Tenn. Code Ann. §29-26-116. In support of his Motion to Dismiss, the doctor filed a copy of his deposition, wherein he states that he never talked to anyone about the situation with Ms. Eddlemon other than his attorney, and specifically he never talked to anyone at Team Health or Southeastern about it. Joffe testified that he first learned of the lawsuit when he was notified by counsel that he had been "added to these proceedings." Joffe testified that neither Team Health nor Southeastern ever contacted him about the lawsuit prior to that time.

Plaintiff then filed a Suggestion of Death upon the Record under Rule 25.01(1), stating that Ms. Eddlemon had died and her mother was substituted as plaintiff, survivor and administratrix of the estate.

Next, the Court conducted a hearing on August 15, 2003, and ordered the case against Joffe dismissed based on the statute of limitations. The Court certified the Order as a final judgment pursuant to Tenn. R. Civ. P. 54.02.

The issues on appeal are whether the amendment substituting Joffe should relate back pursuant to Tenn. R. Civ. P. 15, and whether the Trial Court erred in dismissing Joffe pursuant to the statute of limitations?

Tenn. R. Civ. P. 15 deals with amendments to pleadings, and plaintiff relies upon Tenn. R. Civ. P. 15.03 for her position that the Amended Complaint should relate back to the date of the filing of the original Complaint. Tenn. R. Civ. P. 15.03 provides as follows:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

There is no dispute that the claim against Dr. Joffe arose out of the same occurrence as the original pleading. The issue is whether Dr. Joffe had proper notice of the institution of the action within the time frame provided by the rule, and whether he knew or should have known that but for a mistake concerning identity of the proper party, the action should have been brought against him. Dr. Joffe denies having any notice of the lawsuit prior to his addition as a defendant, which was past the time limitation set forth in the rule. Plaintiff argues, however, that notice should be imputed to Dr. Joffe by virtue of the fact that he works for Southeastern either as an employee or as an independent contractor, and because Dr. Joffe and Southeastern are represented by the same attorney.

Summary judgments are appropriate only when the moving party has demonstrated there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ.P. 56.04. *Bain v. Wells,* 936 S.W.2d 618, 622 (Tenn. 1997); *Carvell v. Bottoms*, 900 S.W.2d 23, 26 (Tenn. 1995). No presumption of correctness attaches to the lower Court's Judgment, and we are required to review the evidence in the light most favorable to the non-moving party. *Staples v. CBL & Assoc.,* 15 S.W.3d 83, 89 (Tenn. 2000).

Tenn. R. Civ. P. 15.03 has been construed in a number of Tennessee cases which are instructive, although not in the context of substituting a real defendant for a fictitious "John Doe" defendant. However, we find *Smith v. Southeastern Properties, Ltd.*, 776 S.W.2d 106 (Tenn. Ct. App. 1989), persuasive. In that case, the plaintiff sued Southeastern Properties, who he thought was the owner of an apartment complex where his son drowned, but later (after the

statute had run) found out the true owner was Southwinds Associates, Ltd. Plaintiff sought to add Southwinds and its partners as defendants, but this Court found that such an amendment could not relate back to the date of the original complaint, because there was no proof that these defendants had timely notice of the lawsuit. *Id.*

In so ruling, this Court explained that "notice" in Tenn. R. Civ. P. 15.03 meant notice that a lawsuit had been filed, and not simply notice of the incident out of which the claim arose. *Id.* This Court refused to find that notice could be imputed because the defendants' insurance company knew about the incident, or because Southeastern and Southwinds had the same attorney. *Id.*

Plaintiff has cited cases from the federal system, which we have considered, and find they are neither authority nor persuasive on the issue before us.

Federal cases hold that the use of "John Doe" pleadings cannot circumvent statutes of limitations, and replacing John Doe with a named party and having said change relate back can only be accomplished when all the specifications of Fed. R. Civ. P. 15(c) are met. *Aslandis v. United States Lines, Inc.*, 7 F.3d 1067 (2nd Cir. 1993).

In this regard, *Cox v. Treadway*, 75 F.3d 230 (6th Cir. 1996), suggests that the naming of "John Doe" defendants and then attempting to substitute named defendants therefore cannot relate back under Fed. R. Civ. P. 15(c) because such does not constitute a "mistaken identity" as contemplated by Fed. R. Civ. P. 15(c), a position which has been accepted in other circuits. *See Doyle v. Coombe*, 976 F. Supp. 183 (W.D.N.Y. 1997); *Foster v. Unknown Cook County Deputy Sheriff*, 914 F. Supp. 221 (N.D. Ill. 1995).

Since Dr. Joffe's testimony is not disputed in the record,[1] we hold that the requisite notice requirement of Tenn. R. Civ. P. 15.03 was not met, and the Trial Court correctly dismissed the Complaint as to this defendant.

For the foregoing reasons, we affirm the Judgment of the Trial Court, and remand, with the cost of the appeal assessed to the plaintiff.

_____
HERSCHEL PICKENS FRANKS, P.J.

---

[1]Plaintiff filed no affidavits or depositions, but relied on defendant's employment and his legal representation as reasons to impute knowledge of the suit to him.

-4-