IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 19, 2020 Session

## STACI L. HENSLEY v. STOKELY HOSPITALITY PROPERTIES, INC.

Appeal from the Circuit Court for Sevier County
No. 19CV422-III    Rex H. Ogle, Judge

_____

No. E2019-02146-COA-R3-CV
_____

In this premises liability case, the plaintiff appeals the trial court's dismissal of her claims against a hotel based on her failure to satisfy the notice requirements of Tennessee Rule of Civil Procedure 15.03 for amending her complaint to add a new party. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which JOHN W. MCCLARTY and THOMAS R. FRIERSON, II, JJ., joined.

Stephen W. Byrd, Knoxville, Tennessee, for the appellant, Staci L. Hensley.

Mark A. Castleberry and T. Mitchell Panter, Knoxville, Tennessee, for the appellee, Stokely Hospitality Properties, Inc.

**OPINION**

**BACKGROUND**

The relevant facts in this case are not in dispute. On June 20, 2018, Staci L. Hensley, a Mississippi resident, allegedly slipped and fell in the parking lot of the Edgewater Hotel in Gatlinburg, Tennessee. On June 18, 2019, Ms. Hensley filed a complaint against Noble House Hotels & Resorts, LTD, in the Sevier County Circuit Court, alleging Noble House's negligence resulted in her "suffering extensive personal injuries." Ms. Hensley, however, misidentified Noble House as the owner of the Edgewater Hotel. On August 5, 2019, pursuant to Rule 15 of the Tennessee Rules of Civil Procedure, she filed an amended complaint naming Stokely Hospitality Properties, Inc. as the proper defendant and

"releasing" Noble House from the lawsuit.[1]

Stokely answered the amended complaint and moved to dismiss the action under Tennessee Rule of Civil Procedure 12.02(6), arguing that the action against it was barred by the statute of limitations.[2]  Stokely also asserted that the amended complaint could not relate back to the original complaint under Tennessee Rule of Civil Procedure 15.03, because Stokely lacked notice of the original action until it was served with the amended complaint.  Ms. Hensley responded to the motion to dismiss contending that she filed her amended complaint before a responsive pleading had been filed as required under Tennessee Rule of Civil Procedure 15.01; that she filed her amended complaint within 120 days after filing the original complaint as required under Tennessee Rule of Civil Procedure 15.03; that Stokely had not been prejudiced by the delay between the filing of the original complaint and the filing of the amended complaint; and that, on June 11, 2019, she gave notice of the impending lawsuit to Stokely through the "feedback section" of the Edgewater Hotel's website.  Ms. Hensley's response included an affidavit in which she asserted that she gave notice to the hotel that she "would be pursuing legal adjudication of the injuries [she] sustained" and to which she attached multiple screen shots of purported communication with the hotel through the hotel website's feedback feature.  In her online communication to the hotel, Ms. Hensley stated: "I have been in contact with my legal team since the week of June 2, 2019, and *will be pursuing this matter to correct all medical issues due to the injury of my left knee*."  (Emphasis added).  The trial court heard the motion to dismiss on October 17, 2019.

On November 7, 2019, the trial court entered an order dismissing the action with prejudice.  The trial court found that the notice described in Ms. Hensley's affidavit and attached screen shots was "not the notice required for relation back purposes" under Rule 15.03.  The trial court relied on *Jones v. Montclair Hotels Tenn., LLC*, No. M2006-01767-COA-R3-CV, 2007 WL 4322009, at *4 (Tenn. Ct. App. Dec. 5, 2007), which held that "[i]n the context of relating amended pleadings back, 'notice' means notice to the defendant that a lawsuit has been filed asserting a legal claim against it."  Having reviewed and considered Ms. Hensley's affidavit, the trial court treated Stokely's motion to dismiss as one for summary judgment[3] and concluded that no genuine issue of material fact existed as to Stokely's lack of notice that a lawsuit had been filed prior to the filing and service of the amended complaint.  Accordingly, Ms. Hensley's amended complaint did not relate back to the original complaint, and the action against Stokely was barred by the applicable statute of limitations. Ms. Hensley timely appealed.

---

[1] The amended complaint did not allege that Noble House was in any way related to the Edgewater Hotel or Stokely.

[2] The parties do not dispute that Ms. Hensley's claims are subject to a one-year statute of limitations. *See* Tenn. Code Ann. § 28-3-104(a)(1)(A) (2017).

[3] A motion to dismiss for failure to state a claim upon which relief can be granted "shall be treated as one for summary judgment" when matters outside the pleadings are presented. Tenn. R. Civ. P. 12.02.

## ISSUE PRESENTED

The sole issue before us is whether Ms. Hensley's communication through the Edgewater Hotel's website concerning her alleged injury provided the requisite notice for her amended complaint to relate back to her original complaint under Tennessee Rule of Civil Procedure 15.03.

## STANDARD OF REVIEW

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is de novo with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). This Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* at 250. To prevail on a motion for summary judgment, the movant must either (1) affirmatively negate an essential element of the nonmoving party's claim or (2) demonstrate that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *Id.* at 264. To survive a properly supported motion for summary judgment, the nonmoving party "by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. "[T]he evidence must be viewed in a light most favorable to the claims of the nonmoving party, with all reasonable inferences drawn in favor of those claims." *Rye*, 477 S.W.3d at 286.

## DISCUSSION

The parties agree that Ms. Hensley filed her amended complaint after the expiration of the applicable statute of limitations. Their dispute focuses on whether Ms. Hensley's communication through the Edgewater Hotel's website provided notice to Stokely of the lawsuit initiated by her original complaint sufficient to satisfy the requirements of Rule 15.03. Ms. Hensley contends that her amended complaint related back to her original complaint because she gave notice to Stokely through the Edgewater Hotel's website "that a lawsuit was in process." She also argues that Tennessee jurisprudence requires this Court to construe Rule 15.03 "liberally" to determine the case on the merits. Stokely responds that the requirements of Rule 15.03 were not met because Stokely learned about the lawsuit for the first time when it was served with the amended complaint and because no relationship exists between Stokely and Noble House that would impute Noble House's notice of the original complaint to Stokely. Stokely also argues that the cases cited by Ms. Hensley in support of a liberal construction of Rule 15.03 are not applicable.

Tennessee Rule of Civil Procedure 15.03 governs the amendment of pleadings in the trial court and states, in relevant part:

An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if . . . within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such *notice of the institution of the action* that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis added). This rule allows plaintiffs to correct mistakes in naming defendants and avoid the expiration of the statute of limitations for their claims against proper defendants by providing "that the amendment will relate back to the filing of the original complaint under certain conditions." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 796 (Tenn. Ct. App. 1997). Under Rule 15.03, a plaintiff must meet three requirements to successfully amend a complaint adding a defendant:

(1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading . . . if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (2) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him.

*Floyd v. Rentrop*, 675 S.W.2d 165, 167–68 (Tenn. 1984) (citation omitted) (internal quotation marks omitted). Concerning the notice requirement, this Court has explained that although notice may be formal or informal, notice "in the context of [Rule] 15.03 means *notice of the lawsuit*, not notice of the underlying injury suffered by the plaintiff." *Vincent v. CNA Ins. Co.*, No. M2001-02213-COA-R9-CV, 2002 WL 31863290, at *3 (Tenn. Ct. App. Dec. 23, 2002) (emphasis added) (citing *Smith v. Se. Props., Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989); *McCracken*, 958 S.W.2d at 798).

This Court has previously addressed the application of Rule 15.03 when adding new parties through a relation back amendment. In *Jones v. Montclair Hotels Tenn., LLC*, No. M2006-01767-COA-R3-CV, 2007 WL 4322009, at *1 (Tenn. Ct. App. Dec. 5, 2007), hotel guests were injured when an elevator fell several stories. The plaintiffs named the wrong party in the original complaint and later attempted to amend their complaint to add the proper defendant after the limitations period had expired. *Id.* at *2. The defendant had been previously sued by other injured guests and had even settled some of the lawsuits. *Id.* Nonetheless, this Court found that the amended complaint did not relate back to the original complaint, explaining that "[a] defendant's notice that the event, which forms the basis of

the lawsuit, occurred is insufficient notice under the rule and, alone, will not allow the Plaintiff's amendment to relate back." *Id.* at *5 (citations omitted). More recently, we addressed a similar situation in *Ward v. Wilkinson Real Estate Advisors, Inc.*, No. E2013-01256-COA-R3-CV, 2013 WL 6200179 (Tenn. Ct. App. Nov. 26, 2013), where the plaintiff slipped and fell down a flight of stairs in her apartment complex. *Id.* at *1. As in *Jones*, the plaintiff in *Ward* filed suit against the wrong party and sought to amend her complaint to add the proper defendants after the statute of limitations had run. *Id.* Although the defendants received notice of the lawsuit within 120 days of the filing of the original complaint, the Court held that the plaintiff failed to meet the requirements of Rule 15.03 because the defendants "had no knowledge of the complaint prior to receiving formal notice of the amended complaint" and "did not have a relationship or an identity of interest with [the misnamed party] that could have given rise to knowledge of the complaint and its inapplicability to [the misnamed party]." *Id.* at *3. In his concurrence, Judge Susano stated that to allow the amendment "would lead to the following strained result: a plaintiff, who sued a wrong entity/person, would be allowed to tack on an additional four months to the period of a statute of limitations, provided the correct party was served with the amendment to add the new defendant within four months of the expiration of the statute of limitations period." *Id.* at *4. Ms. Hensley, like the plaintiffs in *Jones* and *Ward*, filed suit against the wrong entity, and she cannot add the proper defendant by filing an amended complaint after the limitations period has passed.

Ms. Hensley argues that statements she made on the Edgewater Hotel's website before the statute of limitations expired gave Stokely sufficient notice of the lawsuit. We disagree for two reasons. First, her statements did not indicate that a lawsuit seeking redress for her alleged injuries had been filed. A few days prior to the expiration of the statute of limitations, Ms. Hensley wrote on the website: "I have been in contact with my legal team since the week of June 2, 2019, and *will be pursuing this matter to correct all medical issues due to the injury of my left knee*." (Emphasis added). Viewing the evidence in the light most favorable to Ms. Hensley, as we must, her online statements merely advise that she had interacted with attorneys concerning an injury to her left knee and that she planned to address her medical issues. Nothing in her statements provides notice that an action had been instituted or a lawsuit had been filed against Stokely or anyone else. *See* Tenn. R. Civ. P. 15.03; *Smith*, 776 S.W.2d at 109 (stating that under Rule 15.03 notice means "notice that a lawsuit asserting a legal claim has been filed"). Indeed, Ms. Hensley could not provide such notice because she did not file her lawsuit until seven days after making the online statements. Second, like the defendants in *Ward*, the record before us shows no connection between Noble House—the defendant named in the original complaint—and Stokely, so as to impute Noble House's knowledge of the lawsuit to Stokely.[4]

---

[4] Ms. Hensley's counsel conceded during oral argument before this Court that Noble House and Stokely were "not related in any way."

Ms. Hensley argues that this Court's opinion in *Shockley v. Mental Health Coop., Inc.*, 429 S.W.3d 582 (Tenn. Ct. App. 2013), requires a "liberal" construction of Rule 15.03 that would allow amendment and save her claims from being dismissed. We are not persuaded. The issue in *Shockley* was whether the relation back clause of Rule 15.03 could be applied to correct a misnomer in the statutorily required pre-suit notice in health care liability actions. *Id.* at 590. While acknowledging that Rule 15.03 should be construed "liberally to promote the consideration of claims on their merits," this Court concluded that Rule 15.03 was not applicable to pre-suit notices in health care liability actions because they are not "pleadings" under the rule. *Id.* at 591–92. Here, in contrast, we decline to allow a relation back amendment where the defendant did not receive timely notice of a filed lawsuit pursuant to Rule 15.03. Ms. Hensley's reliance on *McCracken v. Brentwood United Methodist Church* is also misplaced. In that case, this Court held that Rule 15.03's notice requirements were satisfied when the defendant church received a telephone call from a reporter seeking comment on a lawsuit filed against the church. *Id.* at 796. The clear distinction between the two cases is that in *McCracken* unlike the present case, a lawsuit had actually been filed. Finally, the Tennessee Supreme Court's opinion in *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. 1975), cited by Ms. Hensley for the proposition that "cases and controversies [should] be determined upon their merits and not upon legal technicalities or procedural niceties," is inapposite. In *Karash*, the Supreme Court allowed amendment of a complaint to include a new *claim* that "arose out of and was a part and parcel of the conduct, transaction and occurrence set forth in the original complaint." *Id.* Here, Ms. Hensley's amendment sought to add a *party*, which can only occur when all conditions set forth in Rule 15.03 are met—including notice of the original lawsuit.

In sum, we conclude that Ms. Hensley's claims against Stokely were time-barred because she filed her amended complaint seeking to add Stokely as a defendant more than one year after she was allegedly injured, and her amended complaint did not relate back to her original complaint. The trial court's dismissal was proper.

## <u>CONCLUSION</u>

For these reasons stated above, the judgment of the Sevier County Circuit Court dismissing Ms. Hensley's claims with prejudice is affirmed. Costs of this appeal are taxed to the appellant, Staci L. Hensley, for which execution may issue if necessary.

_____
KRISTI M. DAVIS, JUDGE