# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
September 17, 2025 Session

## ANTONIO WESTON, SR. ET AL. v. GP MEMPHIS, LP ET AL.

**Appeal from the Circuit Court for Shelby County**
No. CT-0300-23     Carol J. Chumney, Judge
_____

### No. W2024-01777-COA-R3-CV
_____

This appeal stems from the dismissal of a premises liability action. The trial court dismissed Appellant's first amended complaint as time-barred by the one-year statute of limitations, finding that the amended complaint, which was filed more than a year after the incident, did not relate back to the original complaint under Tennessee Rule of Civil Procedure 15.03. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

VALERIE L. SMITH, J., delivered the opinion of the court, in which KENNY W. ARMSTRONG and CARMA DENNIS MCGEE, JJ., joined.

Henry E. Reaves, III, Alisa Simmons Tate, and Antonio Weston in his individual capacity, and as Father, Next Friend, and Personal Representative of A.W.'s estate as well as on behalf of all wrongful death beneficiaries of A.W.'s estate, Memphis, Tennessee, for the appellant, Antonio Weston.

Jeffrey E. Nicoson, Memphis, Tennessee, for the appellees, GP Memphis, LP, and GP Memphis GP, LLC.

## OPINION

### I. FACTUAL BACKGROUND

The underlying facts in this matter are largely undisputed. On January 29, 2022, the six-year-old son ("A.W.") of Antonio Weston, Sr. ("Appellant") attended a birthday party at the DoubleTree Hotel located at 5069 Sanderlin Avenue in Memphis, Tennessee. While swimming in the Sanderlin Hotel's pool under adult supervision, A.W. and another child ventured into the outdoor section of the pool, which was not visible to people inside the

building. Other children noticed A.W. struggling to stay afloat and called for assistance. Despite efforts by adults, A.W. was found submerged at the bottom of the pool and could not be revived.

On January 25, 2023, Appellant[1] filed a premises liability complaint in the Shelby County Circuit Court. The complaint named as defendants Park Hotels & Resorts, Inc. d/b/a Hilton Hotels Corporation d/b/a DoubleTree by Hilton Memphis ("Park Hotels") and DoubleTree Hotel Systems, LLC ("DT Systems"), as well as "Unknown XYZ Corporations 1-5" and "John Does 1-5." In the complaint, Appellant alleged that the defendants failed to provide a safe premises for guests and were negligent in failing to have lifeguards or other adequate supervision in the pool area. The complaint expressly acknowledged that the owners or operators of the property were unknown at the time of filing and alleged that "Unknown XYZ Corporations" were the entities responsible for maintaining the Sanderlin Hotel.

On May 4, 2023, counsel for Park Hotels and DT Systems—Jeffrey E. Nicoson and Jason R. Hollingsworth—filed a notice of appearance. On May 22, 2023, those defendants filed a motion to dismiss for lack of personal jurisdiction pursuant to Tennessee Rule of Civil Procedure 12.02(2), supported by the declaration of James O. Smith, Vice President and Assistant Secretary of Hilton Worldwide Holdings, Inc. Mr. Smith stated that Hilton changed its name to Park Hotels & Resorts, Inc. in 2016 and that DT Systems was a wholly owned Hilton subsidiary that no longer existed. He further noted that neither Park Hotels nor DT Systems owned, operated, or controlled the Sanderlin Hotel. Additionally, they did not employ the Sanderlin Hotel's personnel and held no ownership or leasehold interest in the property.

Appellant responded to the motion to dismiss on August 18, 2023, arguing that limited discovery was necessary to determine the correct defendants. Appellant argued that in order to discover the proper franchise owner he required any franchise agreement relating to the Sanderlin Hotel. The trial court held the motion to dismiss in abeyance and allowed forty-five days for limited discovery regarding personal jurisdiction. On October 30, 2023, Appellant subsequently filed a motion to compel requesting from DT Systems and Park Hotels, in relevant part, the franchise agreement, the identity of corporate entities that control the Sanderlin Hotel, any business documents provided to the State of Tennessee, Tennessee Secretary of State, or other Tennessee agencies or departments within the past five years, and any and all documents and tangible things referenced, identified, or referred to in preparing their responses.

On January 2, 2024, the trial court granted the Appellant's motion in part, allowing sixty additional days "to conduct limited discovery solely to the issue of personal

---

[1] Appellant filed suit in his individual capacity, and as Father, Next Friend, and Personal Representative of A.W.'s estate as well as on behalf of all wrongful death beneficiaries of A.W.'s estate.

jurisdiction[.]" Specifically, the trial court permitted Appellant to conduct discovery as to the Tennessee Secretary of State, Shelby County Trustee, Shelby County Tax Assessor, and the Shelby County Registrar. Further, Appellant was permitted to take the deposition of Mr. Smith as it related to the issue of personal jurisdiction. During the hearing, the trial court accessed publicly available online records associated with the Sanderlin Hotel and encouraged Appellant's counsel to consult the Shelby County Register's office, the Tennessee Secretary of State's office, and the Shelby County Assessor's office to determine the relevancy of those records.

As a result of the motion to compel, Appellant obtained records from the Shelby County Register of Deeds showing GP Memphis, L.P. listed as the owner of the Sanderlin Hotel and that GP Memphis GP, LLC, served as its general partner. Appellant then filed a motion to amend his complaint on March 21, 2024, asserting that he "discovered the identities of the franchise owners as GP Memphis, L.P. and GP Memphis GP, LLC" (collectively, "Appellees"). Park Hotels and DT Systems opposed the motion, arguing that any amendment would be futile because the court lacked personal jurisdiction over them and that the amendment failed to state a claim against those entities. Appellant subsequently filed his first amended complaint naming Appellees as defendants in the premises liability suit for the first time on May 8, 2024. The trial court then entered an agreed order dismissing Park Hotels and DT Systems with prejudice on May 16, 2024, as the entities did not have any interest in the property.

On July 18, 2024, Appellees filed a motion to dismiss the first amended complaint pursuant to Tennessee Rule of Civil Procedure 12.02(6). Appellees asserted that the amended complaint was filed more than one year after the January 29, 2022 incident and therefore time-barred by Tennessee Code Annotated section 28-3-104(a)(1). Appellees further argued that the amended complaint did not relate back to the original complaint pursuant to Rule 15.03 of the Tennessee Rules of Civil Procedure because Appellees had not received notice of the action within 120 days as required by Tennessee Rule of Civil Procedure 15.03 and there was no "mistake" as to their identity.

The trial court held the motion to dismiss hearing on September 9, 2024, and entered its written order granting Appellees' motion to dismiss on November 22, 2024. The court found that the first amended complaint filed on May 8, 2024 was time-barred and that Appellant failed to show that it related back to the original complaint. Specifically, the court held that Appellant did not prove that Appellees received notice of the lawsuit within 120 days of its commencement or that they knew or should have known they were intended defendants but for a mistake in identity. Appellant timely filed a notice of appeal with this Court on November 25, 2024.

## II. ISSUE PRESENTED

The sole question for this Court's review is whether the trial court properly granted

- 3 -

Appellees' motion to dismiss the first amended complaint for failure to relate back to the original complaint pursuant to Tennessee Rule of Civil Procedure 15.03.

## III. DISCUSSION

Before reaching the substantive issue on appeal, we first address the procedural deficiencies in Appellant's brief. Under Tennessee Rule of Appellate Procedure 27(a), "[t]he brief of the appellant *shall* contain under appropriate headings and in the order here indicated:"

(1) A table of contents, with references to the pages in the brief;

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;

***

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record[.]

Tenn. R. App. P. 27(a) (emphasis added). Appellant's brief fails to include: (1) a table of contents; (2) a table of authorities; (3) a jurisdictional statement; and (4) appropriate references to the record in the statement of facts. Nevertheless, we soldier on as the trial court's decision is "readily ascertainable," and the appeal necessitates resolution of "a clear legal issue." *See Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at *5 (Tenn. Ct. App. Dec. 27, 2012); *Hanson v. J.C. Hobbs Co.*, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at *10 (Tenn. Ct. App. Nov. 21, 2012).

Turning to the issue on appeal, a trial court's grant of a motion to dismiss made pursuant to Tennessee Rule of Civil Procedure 12.02(6) "is a question of law that we review *de novo* with no presumption of correctness." *Doe v. Rosdeutscher*, No. M2022-00834-COA-R3-CV, 2023 WL 3119472, at *6 (Tenn. Ct. App. Apr. 27, 2023) *perm. app. denied* (Tenn. Aug. 8, 2023) (citing *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011)). A motion to dismiss based on Tennessee Rule of Civil Procedure 12.02(6) challenges only the legal sufficiency of the complaint, not the strength of the case.

Appellant argues that he carried his burden to demonstrate that the first amended

complaint related back to the original complaint. Specifically, Appellant avers that the claim set forth in the amended complaint "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original[.]" According to Appellant, the amendment avoided any impact that the statute of limitations had on the viability of the claim. Further, Appellant states that he "showed but for a mistake or misnomer" Appellees "would have known the action would be brought against them because the [f]irst [a]mended [c]omplaint was only updated to reflect the proper Defendants once the Appellant was able to properly identify them." Appellees assert that the trial court properly dismissed the lawsuit because Appellant failed to demonstrate that the requirements of Tennessee Rule of Civil Procedure 15.03 were met. Appellees further contend that Appellant did not take the necessary steps to properly identify the correct owner of the Sanderlin Hotel until after the expiration of the one-year statute of limitations.

Tennessee Rule of Civil Procedure 15.03 governs the amendment of pleadings in the trial court and states, in relevant part:

> An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back *if* . . . within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such *notice of the institution of the action* that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis added). "Plaintiffs who file their lawsuit at or near the end of the statute of limitations period face a difficult predicament if they make a mistake regarding the name of the defendant." *McCracken v. Brentwood United Methodist Church*, 958 S.W.2d 792, 796 (Tenn. Ct. App. 1997). This rule allows plaintiffs to correct mistakes when naming a defendant and avoid expiration of the statute of limitations for claims brought against proper defendants by providing "that the amendment will relate back to the filing of the original complaint under certain conditions." *Id.* The purpose of Rule 15.03 is to enable parties to correct the "mislabeling of the party they intended to sue," *Grantham v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, 954 S.W.2d 36, 38 (Tenn. 1997), not to add a new party who was simply overlooked. *Rainey Bros. Constr. Co. v. Memphis & Shelby Cnty. Bd. of Adjustment*, 821 S.W.2d 938, 941 (Tenn. Ct. App. 1991); *Smith v. Southeastern Props., Ltd.*, 776 S.W.2d 106, 109 (Tenn. Ct. App. 1989).

Under Rule 15.03, a plaintiff must meet three requirements to successfully amend a complaint to add a defendant:

> (1) the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the

original pleading . . . if, within the period provided by law for commencing the action against him, the party to be brought in by amendment (2) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (3) knew or should have known that, but for a misnomer or other similar mistake concerning the identity of the proper party, the action would have been brought against him.

*Floyd v. Rentrop*, 675 S.W.2d 165, 167-68 (Tenn. 1984) (citation modified). Concerning the notice requirement, this Court has explained that although notice may be formal or informal, notice "in the context of [Rule] 15.03 means notice of the lawsuit, not notice of the underlying injury suffered by the plaintiff." *Hensley v. Stokely Hosp. Props., Inc.*, No. E2019-02146-COA-R3-CV, 2020 WL 5415483, at *3 (Tenn. Ct. App. Sept. 9, 2020) (internal citations omitted).

This Court previously addressed the application of Rule 15.03 when adding new parties through a relation back amendment in *Jones v. Montclair Hotels Tenn., LLC*, No. M2006-01767-COA-R3-CV, 2007 WL 4322009, at *1 (Tenn. Ct. App. Dec. 5, 2007). In *Jones*, hotel guests were injured when an elevator fell several stories. *Id.* The plaintiffs named the incorrect party in the original complaint and later attempted to amend the complaint to add the correct defendant after expiration of the statute of limitations. *Id.* at *2. Other injured guests previously sued the correct defendant who settled some of those lawsuits. *Id.* Nonetheless, this Court concluded that the amended complaint did not relate back to the original complaint, explaining that "[a] defendant's notice that the event, which forms the basis of the lawsuit, occurred is insufficient notice under the rule and, alone, will not allow the Plaintiff's amendment to relate back." *Id.* at *4 (citations omitted); *see also Hensley*, 2020 WL 5415483, at *3 (noting that plaintiff "filed suit against the wrong entity" and "cannot add the proper defendant by filing an amended complaint after the limitations period has passed").

Applying the above principles to the present case, we conclude that the trial court did not err in finding that Appellant's first amended complaint did not relate back to the original complaint. In reaching its conclusion, the trial court discussed this Court's precedent in *Braswell v. Carothers*, 863 S.W.2d 722 (Tenn. Ct. App. 1993). In *Braswell*, the plaintiffs filed suit against Carothers, Jr., rather than Carothers, III, who was the true party in interest. *Id.* at 725. Carothers, III argued that the amended complaint did not relate back "because he did not receive notice of the suit within the period provided by law for commencing the action" pursuant to Tennessee Rule of Civil Procedure 15.03. *Id.* at 726 (internal quotations omitted). Carothers, III stated that he did not receive notice of the claim until he was informed by his attorney, which was outside of the applicable statute of limitations. *Id.* at 725. The *Braswell* Court held that service upon the attorney for Carothers, III constituted notice to Carothers because the attorney "knew his representation was of Carothers, III and not Carothers, Jr." *Id.* In reaching this conclusion, this Court noted that "the complaint unequivocally reveals that the suit is against Michael's father, Carothers,

III when it reads: 'It is believed that the defendant Michael Carothers contacted his Father, Richard Carothers, Jr. and advised him to leave the scene[.]'"

In the instant case, even though the same attorney represented Appellees and the initial defendants—DT Systems and Park Hotels—Appellant's complaint did not unequivocally reveal the owner of the Sanderlin Hotel. The complaint acknowledged that the property owners were unknown at the time of filing and alleged that "Unknown XYZ Corporations" were the entities responsible for the property. Accordingly, the record does not preponderate against the trial court's finding that Appellant "did not show notice of the lawsuit had been given to [Appellees] within the 120-day commencement period . . . and did not show that but for a mistake or misnomer concerning the identities of [Appellees] that those entities would have known the action would be brought against them."

In *Grindstaff v. Bowman*, No. E2007-00135-COA-R3-CV, 2008 WL 2219274 (Tenn. Ct. App. May 29, 2008), we also recognized that a plaintiff has a duty to act with reasonable diligence to ascertain the identity of a defendant. We stated:

> Moreover, the plaintiffs cannot simply wait for information regarding a potential defendant to come to them. They have a duty to investigate and discover pertinent facts "through the exercise of reasonable care and due diligence." *Calaway ex rel. Calaway v. Schucker*, 193 S.W.3d 509, 520 (Tenn. 2005). If their lack of knowledge was due to a lack of due diligence, they will not be allowed to plead ignorance and effectively extend the statute of limitations, by way of the discovery rule, simply because they later discovered "new" information that they "reasonably should have discovered" much earlier.

*Id.* at *6. Appellant filed his original complaint on January 25, 2022. At the motion to compel hearing on December 8, 2023, the trial court noted:

> The Court would encourage counsel -- the Court's going to rule but the Court would encourage counsel to take a look at some basic public records online and the Shelby County Register's office, Tennessee Secretary State's office, Shelby County Assessor's office. So the records that appear may or may not be -- relate to information sought by the Plaintiff, are Shelby County Register's office document number 22010396, document number 15067277, document number 08125353, which may or may not be relevant to this case.

Even after the trial court encouraged counsel to view the publicly available records through the Shelby County Register's office, Appellant only attempted to uncover the true party in interest through discovery requests. Appellant was under "a duty to act with reasonable diligence to ascertain the identity of a defendant." *Strine v. Walton*, 323 S.W.3d 480, 492 (Tenn. Ct. App. 2010) (internal citations omitted). The record does not preponderate

against the trial court's conclusion that Appellant did not "do the due diligence he needed to do to find the actual owner and the actual operat[or] the property, now is trying to back door that."

Appellant contends that because counsel for Appellees also represented DT Systems and Park Hotels that notice was sufficient for an amendment to relate back to Appellees to survive the statute of limitations because the entities were related. We disagree. The oral argument in this matter is instructive to this point. There, we asked whether evidentiary proof supported the assertion that Appellees knew or should have known of the lawsuit before being named in the first amended complaint. Appellant's counsel was unable to point to any part of the record that demonstrated notice as required under Rule 15.03. Appellant attempted to satisfy his burden to show that the amended complaint related back through argument; however, arguments by attorneys are not evidence. *Maloney v. Maloney*, No. W2013-02409-COA-R9-CV, 2014 WL 3538553, at *2 (Tenn. Ct. App. July 17, 2014) (citing *Elliot v. Cobb*, 320 S.W.3d 246, 252 (Tenn. 2010) (Koch, J. concurring)).

While this case was before the trial court, Appellant asserted that his amended complaint "related back" to the filing of the original complaint under Rule 15.03. He presents the same argument on appeal. However, there is nothing in the record that permits this Court to conclude that the requirements of Rule 15.03 were met. Again, after DT Systems and Park Hotels confirmed their lack of ownership and involvement on May 22, 2023, Appellant did not move to amend his complaint until March 21, 2024. Appellees subsequently established that the statute of limitations barred Appellant's amended complaint; it was Appellant's burden to show that Rule 15.03 applied. *See Sallee v. Barrett*, 171 S.W.3d 822, 830-31 (Tenn. 2005); *Smith*, 776 S.W.2d at 109. The trial court properly held that Appellant's first amended complaint did not relate to the original complaint, and so we affirm the dismissal of Appellant's claims against Appellees.

## IV.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are taxed to Appellant, Antonio Weston Sr., for which execution may issue if necessary.

s/Valerie L. Smith
VALERIE L. SMITH, JUDGE